STATE BANK OF NEBRASKA OF SEWARD, APPELLEE, V.
HENRY ROHREN, APPELLANT.

FILED MAY 19, 1898.   No. 9961.

1. **Injunction:** IRREPARABLE INJURY. To authorize a court of equity
to interfere by injunction, the facts averred in the petition must
show that if the injunction be denied, the complainant will suffer
an irreparable injury for which he has no adequate remedy at
law.

2. ———: ———: PLEADING. The mere averment in a petition for an
injunction that the applicant will suffer an irreparable injury,
unless the injunction be granted, is not of itself sufficient to au-
thorize its issuance.

3. **Contract:** VIOLATION BY TENANT: INJUNCTION BY LANDLORD: IRREP-
ARABLE INJURY. A lease of a farm for one year provided that
the lessor should have the right to go upon the leased premises
during the continuance of the lease and fall plow and sow any
part of said premises proper to be fall plowed and sowed. The
tenant refused to permit the lessor to go upon and fall plow
and sow to wheat certain stubble lands of the leased premises.
The tenant was insolvent. *Held*, (1) That to prevent the lessor's
entering upon, plowing, and sowing the stubble lands was to
deprive him of a right of substantial value; (2) that though the
facts averred in the petition showed that the injury to the lessor
by such deprivation would be small, yet it would be irreparable;
(3) that for indemnity for such injury the lessor had no ade-
quate remedy at law; (4) that the tenant should be enjoined from
preventing the lessor's entering upon, plowing, and sowing the
stubble lands.

APPEAL from the district court of Seward county.
Heard below before SEDGWICK, J. *Affirmed.*

*F. I. Foss, Norman Jackson,* and *George W. Lowley,* for
appellant.

*Norval Bros., contra.*

RAGAN, C.

On February 8, 1897, the State Bank of Nebraska of
Seward, Nebraska, leased to Henry Rohren a farm in
Seward county. The lease was in writing, and provided

that the lessee should have and hold the real estate from March 1, 1897, to March 1, 1898; that he should pay as rent for the real estate a certain proportion of the crops grown thereon. The lease also contained the following: "It is also agreed that the party of the first part [the bank] shall have the right to go upon said premises at any time during the continuance of this lease for the purpose of making any repairs or improvements thereon * * * or to fall plow and sow any lands on said premises necessary or proper in the judgment of the party of the first part to be fall plowed and sowed, and party of the second part agrees to keep his cattle off of same." On August 21, 1897, the bank filed a petition in equity in the district court of Seward county against the said Rohren in which it set out the lease already referred to and then alleged that in order to raise a crop of fall rye and wheat on the premises in the year 1898 it was necessary for the bank to plow a portion of the said premises in the fall of 1897 and plant the same to fall wheat and rye; that in order to do so it was necessary for the bank at that time to commence the plowing of said premises; that it desired to fall plow about thirty acres of stubble land upon said premises upon which the lessee had grown a crop of small grain in the year 1897; that for the purpose of plowing said thirty acres of stubble land and sowing it to wheat and rye the bank went upon, or attempted to go upon, said land in the month of August, 1897; but the lessee thereupon refused to permit the bank or its agents to enter upon said stubble land for the purpose of fall plowing; that the said lessee refused to permit the bank or its agents to go upon said premises for that purpose at the time the petition was filed, or at any other time; that unless the lessee was enjoined from preventing the lessor going upon said premises and fall plowing said stubble land and sowing the same to wheat and rye it would suffer an irreparable injury and damage; that such lessee was insolvent. The petition further alleged that

the lessee threatened to, and would, unless enjoined from so doing, allow his cattle and stock to run upon the ground which the bank might sow to fall wheat and rye and injure and destroy the same. The prayer was for an injunction restraining the lessee from preventing the bank, through its agents, from going upon said stubble land, fall plowing the same, and sowing it to wheat and rye; and further restraining the lessee from allowing his cattle and other stock to run at large upon and injure and destroy the crop of fall wheat and rye which the bank might sow upon said stubble land. To this petition the lessee demurred on the ground that it did not state facts sufficient to constitute a cause of action. The district court overruled the demurrer. The lessee refusing to plead further, a decree was entered in accordance with the prayer of the petition and the lessee has appealed.

1. The first argument is that the petition does not state facts which show that the bank would sustain an irreparable injury if the injunction were denied. Of course a mere averment in a petition for an injunction that the plaintiff will suffer an irreparable injury unless the injunction be granted is not of itself sufficient to authorize the issuing of an injunction. To authorize a court of equity to interfere by injunction the facts averred in the petition must show that the complainant would suffer an irreparable injury or damage. We think the petition at bar complied with this rule. It shows that unless the lessee should be enjoined by the court he will prevent the lessor from entering upon the premises, fall plowing the stubble land and sowing it to wheat and rye, thereby depriving lessor of the right which it reserved under the lease to enter upon said land for that purpose, and also deprive it of the opportunity at least to grow a crop of fall wheat. It may be that the injury which the bank would suffer if this injunction were denied would be small, but the facts averred in the petition show that the injury would be irreparable. We do not know how it

could be shown in a suit for damages what amount of injury the bank had sustained by the refusal of the tenant to permit it to enter upon and fall plow and sow the stubble land; and, if these damages were ascertained, the petition avers, and the demurrer admits, that the tenant is wholly insolvent and unable to pay them. It is insisted by appellant that the appellee's injury would not be irreparable if the injunction were denied because it might put this land into a crop of spring wheat after the tenant's lease of the premises had expired. This argument ignores the landlord's rights under the lease; and while to deprive it of this right might not work a great injury, yet it does deprive appellee of a right of substantial value. Appellant also says that the amount of the injury appellee would suffer is too slight to warrant the intervention of a court of equity. We do not think it is. Appellant complains because of the interference of a court of equity in a case of this character, where the amount of injury sustained by the complainant if the injunction should be denied is so small. But the answer to this is that though the remedy of injunction be extraordinary, and in some instances a harsh one, yet it is sometimes the only remedy available for preventing a party from deliberately violating his contracts and thereby inflicting an injury upon another for which the latter has no redress.

2. A second argument is that the bank has an adequate remedy at law by declaring the lease at an end on account of the lessee's refusal to permit the lessor to enter upon and fall plow and sow the stubble land and then bring forcible detainer for the possession of the premises. The answer to this is that the landlord cannot cancel this lease and retake possession of the leased premises by forcible detainer because of the lessee's refusal to permit appellee to enter upon the land and fall plow it, as the lease makes no provision for its forfeiture on that ground.

Another argument under this same head is that, since the lease reserves the right of the landlord to enter

upon and fall plow and sow the stubble land, therefore it has a remedy at law by suit in forcible detainer to recover from the tenant the possession of the stubble land which it wishes to sow in wheat. We do not subscribe to this argument. For the landlord to recover possession of the leased premises or any part of them appellee would have to establish that the tenant was wrongfully withholding possession of the premises. This it could not do. The right to the possession of all the premises is in the tenant until March 1, 1898. The lease does not reserve to the landlord possession and right to possession during the existence of the lease of any portion of the premises, but only the right to enter upon them for the purposes of fall plowing, etc.

4. A final argument is that if the appellee should sow the stubble land to wheat and rye, and if the appellant should permit his cattle and other stock to run upon said ground and injure and destroy such wheat and rye, then appellant for such injury is provided with a complete and adequate remedy at law by sections 1 and 2, article 3, chapter 2, Compiled Statutes, which makes the damage done to property committed by stock running at large a lien upon the stock. If the appellee at the time it brought this action had already fall plowed and sowed the lands to wheat and rye and sought the injunction because the appellant threatened to permit his stock to run upon and destroy the wheat crop, there might be some force in the argument; but the threat of the appellant to permit his stock to run upon and injure the crops of wheat which the appellee may sow on the land is merely an incidental feature of this case. The gist of this action is the refusal of the appellant to permit the appellee to enter upon the lands and fall plow and sow them to wheat in accordance with the terms of the lease between the parties. Since the court had jurisdiction of the case and the right to restrain the appellant from preventing the landlord's entry upon the premises for fall plowing and sowing wheat, we think it did not transcend

its authority in restraining the appellant from interfering with the crops which the appellee might sow upon said ground. The decree of the district court is right and is

AFFIRMED.

NORVAL, J., not sitting.