## WABASKA ELECTRIC COMPANY V. CITY OF WYMORE.

60  199
62  854

### FILED MAY 2, 1900. No. 9,256.

1. **Pleading**: FACTS. A pleading should state facts and not mere conclusions.

2. **Injunction**: PETITION. A petition for an injunction should disclose with definiteness and particularity the threatened injury which the court is asked to restrain the defendant from committing.

3. ———: REMEDY AT LAW. An injunction will not lie to enjoin the breach of a contract where the party complaining has a plain and adequate remedy at law.

4. **City of Second Class**: ELECTRIC LIGHT. A city of the second class, having less than 5,000 inhabitants, has no authority to regulate the rates and charges which an electric light company may charge its customers for lights.

5. **Ultra Vires.** In attempting to legislate upon matters beyond its jurisdiction, the governing body of a city does not represent the city; does not act as its agent, nor by color of its authority.

6. ———: ACTION FOR DAMAGES. An action can not be maintained against a city for an act done by its officers outside the actual and apparent scope of their authority.

7. Mayor and Council: INJUNCTION. If a mayor and council of a city threaten to exceed their authority and adopt an ordinance which will be prejudicial to the rights of an individual, an injunction, in a proper case, may issue against them, but not against the city.

ERROR to the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*Hazlett & Jack,* for plaintiff in error.

*A. D. McCandless, contra.*

SULLIVAN, J

The Wabaska Electric Company commenced an action against the city of Wymore, alleging in its petition that the defendant is a city of the second class having less than 5,000 inhabitants; that the plaintiff is the assignee and owner of a contract whereby it secured the exclusive' privilege for twenty-one years to construct and operate in said city an electric light plant for the purpose of furnishing the city and its inhabitants with electric lights. It is further alleged: "3. Plaintiff further says, that the said city is endeavoring to harass the operations of said plaintiff by passing or proposing to pass ordinances which will deprive the plaintiff of the right to operate its plant in such a manner that the same shall be self-sustaining. 4. That the said defendant, by virtue of said ordinance, is under contract to locate and use six arc lights upon the streets of said city, and to pay monthly rental therefor of eight dollars ($8.00) per month for each light, which said plant was in successful operation, with the said lights prior to said January 1st, 1890. 5. Plaintiff further says, that the defendants threatened to and unless restrained by the court, will discontinue the use of said lights as provided by said ordinance, and further

threaten to, and unless restrained by this court, will enact an ordinance governing the plaintiff's private contracts with its consumers, and establishing rates which will be wholly inadequate for the service rendered; this plaintiff says he has no other adequate remedy at law, except in a court of equity."

The prayer of the petition is that the defendant be enjoined from violating its contract and from attempting to regulate plaintiff's charges for supplying its customers with lights. The court, on demurrer, decided that the facts stated did not constitute a cause of action and gave judgment on the merits in favor of the defendant. The judgment is right and must be affirmed.

The first allegation above quoted is the statement of a conclusion and not the statement of a fact. The injunction provided by the Code "is a command to refrain from a particular act." The third paragraph of the petition does not show specifically the contemplated action which it is claimed will prevent the plaintiff from receiving just returns upon its investment. The threatened wrong is not pointed out with such definiteness and particularity as to justify the allowance of an injunction. In *Blakeslee v. Missouri P. R. Co.*, 43 Nebr., 61, 65, it is said: "The pleading in an action of injunction to obtain the relief should set forth the particular act or acts, from the doing, or threatening to do, which it is asked of the court to command the party to refrain."

The averment that the defendant is threatening to discontinue the use of the six arc lights for which it agreed to pay $48 a month, does not disclose any ground for equitable relief. The mere disuse of the lights would not, of itself, be prejudicial to the company; and it is not alleged that the city intends to withhold payment of the monthly installments in violation of its contract. But if a breach of the agreement in this particular were contemplated, an injunction would not be granted, for there is in such case a plain and adequate remedy at law. *Terry v. Beatrice Starch Co.*, 43 Nebr., 866; *Carstens*

*v. McDonald*, 38 Nebr., 858; *Drummond v. Crane*, 159 Mass., 577.

There remains to be considered the fifth paragraph of the petition, wherein it is stated that the city intends to adopt an ordinance interfering with the plaintiff's private contracts and reducing its rates and charges so low as to make the operation of the electric light plant unprofitable. In dealing with this feature of the case it is not necessary to determine whether the city was authorized by its charter, as it existed in 1889, to grant to any person, company or corporation, an exclusive franchise for the erection and operation of an electric light plant. The plant has come into being; it is now established, and the owner thereof has the right to furnish light to its private customers on such terms as may be mutually satisfactory to the parties concerned. The defendant has plainly no power or authority to regulate the plaintiff's charges for lights furnished to the inhabitants of Wymore. The legislature has, of course, the right to fix the price at which gas or electric lights shall be supplied by one who enjoys a monopoly of the business by reason of having an exclusive franchise (*Munn v. Illinois*, 94 U. S., 113; *Spring Valley Water Works v. Schottler*, 110 U. S., 347); and such right may be delegated to the governing body of a public or municipal corporation. But the power of regulating the charges for electric lights is not found among the grant of powers contained in defendant's charter. There is no such authority given, either expressly or by implication, and, therefore, it does not exist. *Lewisville Natural Gas Co. v. State*, 135 Ind., 49; *In re Pryor*, 55 Kan., 724; *City of St. Louis v. Bell Telephone Co.*, 96 Mo., 623; *Spaulding v. City of Lowell*, 23 Pick. [Mass.], 71. In the last mentioned case Shaw, C. J., speaking of the powers of municipal corporations, said, page 74: They "can exercise no powers but those which are conferred upon them by the act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties, and the accomplish-

ment of the purposes of their association." The adoption of the ordinance referred to in the fifth paragraph of the. petition, being entirely beyond the power of the city authorities, and being an act which would, according to the showing of the plaintiff, result in irreparable injury, should, doubtless, be enjoined, if the proper parties were before the court. *People v. Sturtevant,* 9 N. Y., 263; *People v. Dwyer,* 90 N. Y., 402; *Spring Valley Water-Works v. Bartlett,* 16 Fed. Rep., 615; *Roberts v. City of Louisville,* 92 Ky., 95; High, Injunctions, sec. 1241. But the mayor and city council are not parties to this suit, and we do not understand that an action will ever lie against a city for an act done by one of its officers outside the scope of his authority. The mayor and council have power to enact ordinances, but that power is plainly limited by the law under which the city is organized. In attempting to legislate upon matters beyond its jurisdiction, the governing body of a city does not represent the city; does not act as its agent, nor by color of its authority. It is like any other agent who transcends his authority, and it, and not its principal, must answer for the wrongful act done or threatened. If the authorities of Wymore are threatening to do an illegal act obviously beyond the scope and limit of their agency, the injunction must go against them and not against the city. The judgment of the district court is

AFFIRMED.