SCHOOL DISTRICT No. 25, APPELLEE, v. T. W. DE LONG, COUNTY TREASURER, APPELLANT.

FILED FEBRUARY 6, 1908. No. 15,035.

1. Injunction: PETITION: CONSTRUCTION. The rule that under the code pleadings should be construed liberally applies only to ordinary actions. In all cases of application for any extraordinary writ, the petition will receive a strict construction.

2. Petition examined, and *held* not to state facts sufficient to constitute a cause of action for equitable relief.

APPEAL from the district court for Brown county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*L. K. Alder,* for appellant.

*P. D. McAndrew,* contra.

FAWCETT, C.

On February 3, 1906, appellee filed in the district court for Brown county the following petition: "Your petitioner, School District No. 25, complaining of the defendants above named, says: (1) That it is a duly constituted subdivision of the county of Brown, a body politic, corporate, duly organized and existing under and by virtue of the laws of the state of Nebraska, and has been so organized at all times mentioned in this petition, and C. Langley is its duly elected, qualified and acting treasurer. (2) That the above named T. W. De Long is the duly elected, qualified and acting treasurer of said Brown county, and Edward Moore, Luke M. Bates and Frank Lessif are the duly elected, qualified and acting board of county commissioners of said county. (3) That E. A. Ikenburg, C. E. Ikenburg and W. C. McNamara are each resident freeholders and own personal and other property in said school district subject to taxation in said district. That in the year 1905 the assessor of Smith precinct, of which precinct said School District No. 25 constitutes a part, duly assessed all property for taxation within said school district, and with other property that of the said E. A. Ikenburg, C. E. Ikenburg and W. C. McNamara, but for some unaccountable reason unknown to your petitioner designated the number of said district as that of 33, and a school tax was duly levied on all of said property, and the said E. A. Ikenburg, C. E. Ikenburg and W. C. McNamara each paid their said school tax under protest, and the said board of county commissioners at a meeting of their body held in Ainsworth on the 29th day of January, 1906, did issue an order, duly signed by their chairman, the said Edward Moore, directed to the treasurer of said Brown county requiring him, the said treasurer of said Brown county, to refund to the said E. A. Ikenburg the school tax so assessed, levied and paid, to wit, the sum of $2.83, and to refund to the said C. E. Ikenburg the said school tax so levied and paid by him, to wit, the sum of $3.75, and

ordered the said county treasurer to refund to the said . W. C. McNamara the said school tax so levied and paid by him, to wit, the sum of $124.30, and the said county treasurer is about to comply with said orders of the said board of county commissioners, and unless restrained by an order from this court will refund said several amounts of moneys to said parties, and unless restrained your petitioner greatly fears and apprehends that the said county commissioners will issue other orders to the said county treasurer requiring him to refund school taxes to other parties in said School District No. 25 that are legally assessed and levied. (4) That all the school taxes that have been so assessed, levied, paid, and ordered refunded as above alleged rightfully and legally belong to the school fund of said School District No. 25, and great and irreparable damage will befall said school district, and it will be deprived of the benefits of a school for the coming year for want of funds if said moneys are not paid over to said school district; that said district is scarce of funds at the present time and in debt, and no school can be held in said district for some time to come unless the duly levied taxes for the year 1905 are paid into its treasury. (5) Plaintiff alleges it has no adequate remedy at law, and that unless defendants are restrained it will suffer irreparable loss as above set forth. Wherefore plaintiff prays that a temporary injunction may be granted restraining said defendants as follows: (1) That T. W. De Long, county treasurer aforesaid, be restrained from refunding said school tax to the said E. A. Ikenburg in the sum of $2.83 or any other sum whatsoever, to the said C. E. Ikenburg in the sum of $3.75 or any other sum whatsoever, to the said W. C. McNamara in the sum of $124.30 or any other sum whatsoever. (2) That the said board of county commissioners be restrained from issuing any further orders to the said T. W. De Long requiring him to refund to any persons whomsoever moneys levied for school purposes which is shown by the records of his office to have been levied within the boundaries of School District No.

25, and that upon the final hearing of this case it may be adjudged and decreed that the temporary injunction granted in this case be made perpetual, and that all the school taxes levied within the boundaries of said School District No. 25 be adjudged to belong to the plaintiff, and for such other and further relief as equity and good conscience may grant. School District No. 25, Brown county, C. Langley, Treas. By P. D. McAndrew, its Attorney." To which was added an affidavit as follows: "State of Nebraska, Brown county. I, C. Langley, plaintiff in the above entitled action, being first duly sworn, depose and say that W. H. Westover and J. J. Harrington, judges of the district court for Brown county, are absent therefrom, and the affiant is desirous of obtaining a temporary order of injunction from the county judge of said county."

Afterwards on the same day there was filed what is termed an "Order of Injunction." This paper runs to the defendants, and assumes to enjoin them in the manner prayed in the petition. It is not entitled in any cause or court, nor does it purport to be an order granted by any judge. It is signed "H. S. Jarvis, Clerk District Court." As counsel for defendants treated this paper as a valid order of injunction by assailing it by motion and demurrer on grounds other than those indicated, we will assume that the clerk omitted both the Alpha and Omega of the paper in copying it in the transcript, and treat it as a temporary injunction issued by the county judge.

Defendant De Long filed a motion to vacate the order of injunction on three grounds: (1) That the court had no jurisdiction; (2) that several causes of action were improperly joined, and different reliefs improperly asked; (3) that the petition did not state facts sufficient to constitute a cause of action. He also demurred to the petition on four grounds: (1) That plaintiff had not legal capacity to sue; (2) that the court was without jurisdiction; (3) that several causes of action were improperly joined, and different reliefs improperly asked; (4) that

the petition did not state facts sufficient to constitute a cause of action. The court overruled both the motion and demurrer, and in the journal entry says: "And said defendant, electing to stand upon his said motion and demurrer, and refusing to plead further, the court finds that by filing said demurrer the defendant confessed the allegations of plaintiff's petition to be true. It is therefore ordered and adjudged by the court that the defendant pay to the plaintiff the amounts stated in plaintiff's petition; viz.: The sum of one hundred thirty and 88-100 dollars, and plaintiff recover its costs, taxed at $. . . ., and the injunction issued herein is hereby made perpetual. To each and all of said findings, orders and judgment the said defendant T. W. De Long duly excepted."

We dislike the idea of causing appellee any further costs in obtaining the taxes to which we have no doubt it is entitled, but we are compelled to hold that the district court erred in overruling both appellant's motion and demurrer. Appellants argue in their brief that the Ikenburgs and McNamara paid their taxes and demanded a return of the same under the first provision of section 10561, Ann. St. 1903, while appellee contends that they proceeded under the second provision of that section, and in their brief set out the notices that were served by them. The trouble with all this is that the petition does not contain any allegations which disclose any such state of facts. The petition does not allege any facts which show that the board acted without jurisdiction so as to render their proceedings void, nor does it allege that there is no such school district in Smith precinct as District No. 33. If the protesting taxpayers were proceeding under the first provision of section 10561, then, if the board acted wrongfully, appellee had a right of appeal, and could not maintain this suit. If, on the other hand, they were proceeding under the second provision of that section, no right of appeal existed, and the remedy by injunction could be resorted to. *Chicago, B. & Q. R. Co. v. Nemaha County,* 50 Neb. 393; *Custer County v.*

*Chicago, B. & Q. R. Co.,* 62 Neb. 657. On all these important points the petition is silent.

Plaintiff asks to have De Long enjoined from doing an act which he has already been commanded to do, namely, the repaying to the Ikenburgs and McNamara of the moneys they had paid under protest, and asks to have the other defendants enjoined from making orders in favor of other taxpayers. There is no allegation of conspiracy or confederation betwen De Long and the other defendants, nor is there any allegation that any other taxpayer in District No. 25 has paid his taxes under protest, and that the defendants, members of the board, are threatening or intend to order such taxes refunded. Even if the petition contained these allegations, the further fact that plaintiff in its prayer asks a separate, distinct and different relief against De Long from that asked against the other defendants brings the case within the rule laid down in section 88 of the code, and announced by this court, in *Barry v. Wachosky,* 57 Neb. 534. We think that the lines have been drawn too loosely in the district courts of this state in the use of the writ of injunction. Instead of being an extraordinary legal remedy, to be invoked only when there is no adequate remedy at law, it has degenerated into a common, every-day writ, resorted to too frequently for the purpose of trying to circumvent some plain and adequate remedy at law. It is time to call a halt, and to deny the writ in all cases where the right to it is not made perfectly clear in the petition of the applicant therefor. It is a fair inference that a pleader can and will allege in his petition all that he can prove on the trial, and, if the petition fails to state facts sufficient to entitle the plaintiff to recover in any action, the case should not proceed further. We are not unmindful of the rule that under our code pleadings should be construed liberally; but that rule should be applied to ordinary cases only, and not to applications for any extraordinary writ. In all such cases the petition should receive a strict construction. Applying that rule

to the petition in the case at bar, we think the district court erred both in overruling the motion to vacate the temporary injunction and in overruling the demurrer, except as to the first paragraph of the demurrer. In that, the court was right.

Ordinarily, in reversing a judgment on these grounds, this court will order a dismissal of the action; but, under the circumstances of this case, we think that the judgment of the district court should be reversed and the cause remanded, with leave to appellee to file an amended petition, and we so recommend.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with leave to appellee to file an amended petition.

REVERSED.