J. W. ADAMS, APPELLEE, V. VILLAGE BOARD OF CURTIS, ·
APPELLANT.

FILED MARCH 26, 1912. No. 16,765.

1. Judgment: VALIDITY. "The Village Board of the Village of Curtis"
   is not a person, natural or artificial, authorized by statute to sue
   and be sued in that name. A judgment nominally against a de-
   fendant not a ·person or entity competent to be sued binds no one.

2. Appeal: DISMISSAL. When an action has been begun in the dis-
   strict court naming "The Village Board of Curtis" as defendant,
   without naming any individual or person known to the law,
   either natural or artificial, as defendant, and judgment is entered
   therein, and upon appeal to this court in the name of "The Village
   Board of Curtis" the attorneys who took the appeal insist that
   there is no party defendant, and the appellee insists that the
   appeal is unauthorized, the appeal will. be dismissed.·

APPEAL from the district court for Frontier county:
ROBERT C. ORR, JUDGE. *Dismissed.*

*J. A. Williams, W. H. Latham* and *B. F. Butler,* for ap-
pellant.

*W. S. Morlan, contra.*

SEDGWICK, J.

The plaintiff brought this action in the district court
for Frontier county to enjoin the opening of a street
across lands which he claimed to own in the village of
Curtis. The petition and summons named as the sole
defendant "The Village Board of Curtis, Frontier County,
Nebraska." An answer was filed in that name, and the
cause was tried and judgment entered against the defend-
ant named, granting the injunction as prayed. Afterwards
an appeal was taken to this court in the name of "The
Village Board of Curtis, Frontier County, Nebraska."
In behalf of the appellant a brief was filed in which it
was contended that, there being no defendant in the case,
the whole proceedings are a nullity, and *Barbour v. Al-*

*bany Lodge,* 73 Ga. 474, was cited, in which it was said: "No person being sued, no case was in court, and there was nothing to amend by." The plaintiff in the case filed a brief in which it is not seriously contended that an action can be maintained without a defendant, and no argument is advanced attempting to show that the defendant named here is a person or entity known to the law. The case of *Wabash Electric Co. v. City of Wymore,* 60 Neb. 199, is cited, in which it is held that, under some circumstances, an action may be maintained against a city or village and, under others, an action may be maintained against individuals who are members of the governing authorities of the city or village. The plaintiff in the brief accepts the contention made against the validity of the action, and answers it by saying that if there was no defendant there could be no appeal, and that by taking the appeal it is necessarily asserted that there is a defendant. There was no attempt or offer in any of the proceedings to bring in any party defendant, known to the law as an entity competent to sue and be sued, and, as we understand the briefs, the parties are substantially agreed that there is no judgment entered in the court below binding upon any person known to the law, and that there is no cause pending in this court between two persons or parties that are known to the law and competent on the one hand to sue and on the other to be sued.

Under those circumstances there is nothing for this court to do but dismiss the appeal, which is accordingly done.

DISMISSED.