OMAHA GRAIN EXCHANGE, APPELLANT, V. O. S. SPILLMAN, ATTORNEY GENERAL, APPELLEE.

FILED JULY 5, 1929. No. 26831.

C. L. *Waldron* and *Smith, Schall, Wright & Sheehan,* for appellant.

C. A. *Sorensen, Attorney General, John P. Breen, Hugh LaMaster* and *Irvin A. Stalmaster, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and RYAN, District Judge.

GOOD, J.

This is an action to enjoin the attorney general of the state from enforcing the provisions of chapter 8, Laws 1927, upon the ground that said act and particularly sections 2 and 3 thereof are violative of both the federal and the state Constitutions. A general demurrer to the petition was sustained. Plaintiff elected to stand on its petition. Judgment of dismissal was entered. Plaintiff appeals.

In its petition plaintiff sets forth generally the nature of the business transacted by it and also pleads certain of its rules and regulations relative to the buying, selling, inspecting and weighing of grain, and that such rules and regulations are just and reasonable, but in conflict with the provisions of sections 2 and 3, ch. 8, Laws 1927. It is further alleged that the attorney general has threatened to commence proceedings against plaintiff, charging violations of said chapter 8, and is threatening to bring *quo warranto* to forfeit the plaintiff's charter, or otherwise secure an order, forbidding it to enforce its rules and regulations against its members, and it is alleged that the at-

tempted enforcement of the law by the attorney general will subject plaintiff to financial loss and irreparable injury, for which it has no adequate remedy at law.

Chapter 8, Laws 1927, consisting of three sections, bears the following title: "An act to regulate terms of settlement on car-lots of grain handled on or through any public markets, elevators, grain exchanges or trade associations within the state of Nebraska." Section 1 deals with the sale of car-lots of grain. Section 2 deals with the subject of reshipment of grain after inspection by licensed inspectors, and authorizes its reshipment without having to be unloaded and weighed where inspected. Section 3 provides that no person shall be deprived of this right of diversion by any rule or regulation of any market, board of trade, chamber of commerce exchange, inspection department, or similar organization, operating within the state of Nebraska. There are no penal provisions contained in said chapter 8.

It is apparent that the only actions which would be available to the attorney general would be either in the nature of *quo warranto* or an action to enjoin plaintiff from continuing certain practices, pursuant to its rules and regulations, which are inconsistent with the provisions of said chapter 8. It is also apparent that, if any such action is begun by the attorney general and chapter 8 is unconstitutional, such fact will be a complete and absolute defense available in such an action to the plaintiff herein. While plaintiff has alleged in its petition, in general terms, that it has no adequate remedy at law and will suffer irreparable loss and injury unless an injunction is granted, no facts are pleaded in the petition from which it may be inferred that any such irreparable loss will be sustained.

Both parties to this action have requested this court to pass upon the constitutionality of chapter 8, Laws 1927. For the reasons hereinafter set forth, we find it unnecessary to comply with this request. The rule is well established in this jurisdiction that this court will not pass upon the constitutionality of a statute unless it is necessary

to a proper disposition of an action pending in this court. *State v. Fulton, ante,* p. 400. In the opinion in that case it is said: "It is a general rule that courts will not pass upon the constitutionality of a statute unless it becomes necessary to a proper disposition of a case properly pending before the court."

In *Morse v. City of Omaha,* 67 Neb. 426, it is held: "The appellate court will not pronounce a statute unconstitutional and void where a determination of the case does not require that the constitutionality of the statute be determined."

In 12 C. J. 780, sec. 212, it is said: "It is a well-settled principle that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question."

The reason for the rule is set forth in *Ex parte Randolph,* 20 Fed. Cas. 242, No. 11558, in the following language: "The decision of a question involving the constitutionality of an act of congress is one of the gravest and most delicate of the judicial functions, and while the court will meet the question with firmness, where its decision is indispensable, it is the part of wisdom, and a just respect for the legislature renders it proper, to waive it, if the case in which it arises can be decided on other points."

And the reason for the rule is further stated in *Hoover v. Wood,* 9 Ind. 286, as follows: "While courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics. They will not seek to draw in such weighty matters collaterally, nor on trivial occasions. It is both more proper and more respectful to a coordinate department, to discuss constitutional questions only where that is the very *lis mota.*"

In the instant case there are no facts pleaded from which it appears that plaintiff will suffer an irreparable loss if an injunction is not granted, and if any actions are brought by the attorney general for the enforcement of the provisions

of chapter 8, Laws 1927, and if the statute is unconstitutional, a perfect defense is thereby afforded plaintiff.

In *Hotchkiss v. Keck*, 84 Neb. 545, it is held: "The extraordinary writ of injunction is one of the last resorts of the litigant, and its aid should not be invoked unless it clearly appears there is no adequate remedy at law."

In *Powers v. Flansburg*, 90 Neb. 467, this court holds: "The remedy of injunction cannot be used where there are adequate remedies in the usual course of the law."

In *State Bank of Nebraska v. Rohren*, 55 Neb. 223, it is held:

"To authorize a court of equity to interfere by injunction, the facts averred in the petition must show that if the injunction be denied, the complainant will suffer an irreparable injury for which he has no adequate remedy at law.

"The mere averment in a petition for an injunction that the applicant will suffer an irreparable injury, unless the injunction be granted, is not of itself sufficient to authorize its issuance."

In *Wabaska Electric Co. v. City of Wymore*, 60 Neb. 199, it is held: "A petition for an injunction should disclose with definiteness and particularity the threatened injury which the court is asked to restrain the defendant from committing."

In *School District v. DeLong*, 80 Neb. 667, it is held: "The rule that under the code pleadings should be construed liberally applies only to ordinary actions. In all cases of application for any extraordinary writ, the petition will receive a strict construction."

Since the record does not disclose that plaintiff would suffer any irreparable loss, and since it does appear that it would have an adequate and perfect defense in any action instituted by the attorney general for the enforcement of chapter 8, Laws 1927, it follows that the trial court properly sustained the demurrer to the petition. The conclusion which we have reached renders it unnecessary and inexpedient to consider the constitutionality of chapter 8, since it is not essential to the proper disposition of this cause.

The judgment of the district court is right and is

AFFIRMED.

Note—See Injunctions, 32 C. J. 244 n. 94, 97, 330 n. 29; 14 R. C. L. 435; R. C. L. Perm. Supp. 3612.