FRONTIER COUNTY, APPELLANT, V. LINCOLN COUNTY, APPELLEE.

FILED OCTOBER 9, 1931. No 27766.

*F. J. Schroeder,* for appellant.

*C. S. Beck, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Rose, J.

This is a proceeding by Frontier county, plaintiff, to recover from Lincoln county, defendant, $194 on a claim for expenses alleged to have been incurred and paid by plaintiff in caring for Mary Skinner Ball, a pauper found in Frontier county, but having her residence in Lincoln county. The claim was presented to the county board of Lincoln county and rejected. Plaintiff appealed to the district court and there filed a petition for the amount claimed. Defendant interposed a demurrer attacking the petition on the ground that it did not state facts sufficient to constitute a cause of action against defendant. The demurrer was sustained. Plaintiff declined to plead further and the proceeding was dismissed. Plaintiff appealed.

Liability of one county to another county for expenses paid by the former in caring for a pauper whose residence is in the latter county is statutory. Comp. St. 1929, secs. 68-111, 68-112. See *Otoe County v. Lancaster County,* 78 Neb. 517. The right to enforce the liability requires compliance with statutory terms and conditions. Every fact essential to a recovery under the statute should be stated in the petition for the authorized relief. Referring to the county making claim for expenses paid for the support of a pauper, the statute provides:

"It shall be the duty of the clerk of the county board to send a notice by mail to the clerk of the county board of the county in which such pauper resided, as before stated, that such person has become chargeable as a pauper, and requesting the authorities of said county to remove such pauper forthwith, and to pay the expense accrued in taking care of him or her." Comp. St. 1929, sec. 68-112.

In the petition the plea relating to notice is in this form:

"The county commissioners of Lincoln county, Nebraska, were duly notified of her condition and of her being found in Frontier county, Nebraska, and were requested by the county commissioners of Frontier county, Nebraska, to provide for her as they should do under the law, but that they have neglected and refused to do so."

The words "duly notified" and the allegations in which they are used in the petition do not state the particular facts constituting the notice required by statute. When testing the sufficiency of the petition in ruling on the demurrer, the trial court properly held that the term "duly notified," in the connection used, was a conclusion of law, rather than a complete statement of facts conforming to statutory requirements. The demurrer did not admit the mere conclusion that notice was given. Where particular facts constituting notice are necessary to a cause of action for relief under a new remedy created by statute, a petition for such relief is demurrable, if it omits any essential fact. Plaintiff declined to amend its petition when timely opportunity to do so was afforded. The judgment below is free from error.

AFFIRMED.