NORTHPORT IRRIGATION DISTRICT, APPELLANT, V. FARMERS IRRIGATION DISTRICT ET AL., APPELLEES.

FILED NOVEMBER 29. 1933. No. 28845.

*F. E. Williams,* for appellant.

*Neighbors & Coulter, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

BEGLEY, District Judge.

This is an appeal from an action of the district court for Scotts Bluff county in sustaining a motion requiring the plaintiff's petition to be made more definite and certain. The plaintiff elected to stand on its petition, refused to plead further, and on motion of the defendants the action was dismissed, from which the plaintiff has appealed.

On January 10, 1933, the appellant filed its second amended petition in this action in the district court, alleging that the plaintiff and defendant district are duly organized irrigation districts and that defendant district owns, maintains and operates a canal with diversion dam, intake, sluice-way and other structures, necessary for diverting water from the North Platte river in Scotts Bluff county, Nebraska; that defendant district entered into a contract with the United States for the carriage of water through its said canal to Red Willow creek in Morrill county. Article 7 of said contract provides:

"The United States and its assigns agrees to pay annually, beginning with the first year such carrying capacity is used, to the district on or about July fifteenth of each year for the year then current, as an operation and maintenance charge for the carriage of water through the main canal of said district, one-fifth (1/5th) part of such amounts as shall be expended each year by the said district for operation and maintenance of its works used in diverting and carrying the water of the United States or its assigns. The said operation and maintenance charges shall be estimated in advance by the board of directors of the district and shall include the estimated cost of all replacements, betterments and renewals, necessary in connection with the dam, intake, sluice-way, culverts and main canal of the district used in carrying the

water of the United States aforesaid, together with any deficit arising from insufficient estimates of prior years, and less any surplus arising from over estimates of prior years. The district will keep an accurate account of all such sums so expended, rendering statement and vouchers therefor. The United States and its assigns shall not be liable for any such operation and maintenance charge prior to the season in which it avails itself of the opportunity to have water carried in the district's works aforesaid."

That thereafter said contract was duly assigned to the plaintiff by the United States and defendant has recognized plaintiff's rights as assignee; that the plaintiff has duly performed all conditions on its part in said contract to be performed; that it is plaintiff's duty to supply water to its district and under said contract it is entitled to supply water through said canal and it has no other means of supply; that in the month of August, 1932, defendant irrigation district arbitrarily, without reason, threatened to shut down the head-gate of plaintiff's canal at the point of intake of said Red Willow creek and threatened to divert said water from the said canal and to deprive plaintiff's lands or crops growing thereon from the use of said water for irrigation purposes, whereby said lands and crops will be greatly injured and depreciated in value, by reason of which they will suffer great and irreparable damage and that plaintiff has no adequate remedy at law. The plaintiff therefore prayed for an injunction restraining the defendants, their agents and employees from carrying out said threatened acts and depriving the plaintiff of said water as provided in exhibit A, being the contract with the United States government, and for such other and further relief as may seem just and equitable. A temporary injunction was granted by the court.

The defendants filed a motion to require the plaintiff to make its said petition more definite and certain in the following particulars, to wit: "(1) By alleging in said

petition whether or not the operation and maintenance charges for the year 1932 were estimated in advance of July 15, 1932, by the board of directors of the defendant district as provided in article 7 of the contract, exhibit A, attached to plaintiff's petition, and, if such estimate was made, the amount thereof. (2) By alleging whether or not plaintiff paid any part of the operation and maintenance charges for the year 1932 pursuant to the provisions of article 7 of the contract, exhibit A, attached to plaintiff's said petition, and the amounts and dates of any such payments."

The court sustained said motion, and the plaintiff having elected to stand on its petition, on further motion of the defendants the action was dismissed and the temporary injunction dissolved.

The question in controversy is whether or not in an injunction proceeding the plaintiff can be required to make his petition more definite and certain beyond a mere statement that he has duly performed all conditions on his part to be performed of a condition precedent in a contract.

The appellant relies upon section 20-836, Comp. St. 1929, which reads: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part."

It has been held by this court that this provision of the statute applies only to ordinary actions. In all cases of application for an extraordinary writ, the petition should receive a strict construction. *School District v. De Long*, 80 Neb. 667; *State Bank of Nebraska v. Rohren*, 55 Neb. 223; *Wabaska Electric Co. v. City of Wymore*, 60 Neb. 199.

An application for an injunction rests in some degree in the discretion of the chancellor and allegations in the complaint should show candor and frankness. Omission of material facts known to plaintiff will preclude the granting of relief. 32 C. J. 325.

Such application must state facts sufficient upon which to base the relief sought, and in the absence of a showing to the contrary the discretion of the court· in requiring more definite pleadings should not be interfered with. The appellant has made no showing that it was unable to comply with the order of the court. Its refusal to set out the facts instead of its conclusions as to compliance with the contract with the United States hardly shows that candor and frankness which are necessary for a plaintiff to show in order to secure affirmative relief from a court of equity.

In speaking on this subject the court in *Headley v. City of Chester,* 22 Pa. Dist. Ct. 900, said: "Plaintiff should not only show his hand, but open it wide."

In the recent Nebraska case of *Scott v. Scott, ante,* p. 32, in sustaining a ruling of the court on a motion to make a petition more definite and certain, the court said: "In plaintiff's original petition she had pleaded her emergence in the last days of 1926 from her mental disability and that it was some time after that before it was possible to procure legal assistance and late in 1928 before she learned the facts with definiteness. She pleaded she had been diligent in behalf of said matters, but in that respect did not plead more than the conclusion. So the court sustained the motion. The result has been to bring out and settle in the pleadings, with a saving of time and expense, what was bound to appear on a trial on the merits. This was an equity case triable to the court. It does not appear that the trial judge abused his discretion to the prejudice of plaintiff. An order of the district court requiring a petition to be made more definite and certain will be sustained unless it clearly appears that the court abused its discretion to plaintiff's prejudice."

The lower court sustained two motions to two different petitions; the plaintiff failed to comply with the order or ruling of the court but avoided setting out the matter required in each of the petitions and the court was

justified in dismissing the case where the plaintiff ignored the previous order of the court. *Ferson v. Armour & Co.*, 109 Neb. 648.

In this case it does not appear that the court has abused its discretion and there is no showing that it prejudiced the ultimate rights of the plaintiff. Therefore, the judgment of the district court dismissing the appellant's petition for failure to comply with the order of the court is

AFFIRMED.