GLADYS SICKLER, APPELLANT, V. CITY OF BROKEN BOW
ET AL., APPELLEES.

10 N. W. (2d) 462

FILED JULY 2, 1943. No. 31607.

*E. F. Myers,* for appellant.

*Evans & Lee* and *Frank Kelly, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is an action by plaintiff against defendants, city of Broken Bow, its mayor and councilmen individually, Broken Bow School District No. 25 and its school board members individually, for damages and injunctive relief. To plaintiff's amended petition defendants, city of Broken Bow and the school district and its officers, separately filed special demurrers alleging misjoinder of causes of action and of parties defendant; and that plaintiff has pleaded therein severable and different acts of tort without sufficient alle-

gations of fact in support thereof to establish a joint or common liability of defendants therefor. Defendant members of the city council and board members of the school district jointly and severally filed general demurrers. The trial court sustained each and all special and general demurrers; offered to permit plaintiff to amend her petition generally, or as provided by section 20-809, Comp. St. 1929, but plaintiff elected to stand upon her amended petition and refused to plead further. Whereupon the court dismissed the action. Plaintiff appeals to this court, and we affirm the judgment of the trial court.

Plaintiff is the owner of a residence property on certain lots in Broken Bow, Nebraska. She alleges, in substance, in her amended petition that on January 11, 1938, defendant city acting through its mayor and council sold certain blocks adjoining her property to defendant school district for use by it as an athletic field; that during the spring and summer of 1939 defendant school district through its contractor and employees created a nuisance thereon, tore up and obstructed the streets and alleys immediately adjoining the property; negligently built a cement-walled drainage canal 2 and 2/10 feet into the alley east of her lots, wrongfully appropriating her property; and by filling in the project for an athletic field negligently changed the topography of the streets and character of the neighborhood to the east and west of her property causing it to be flooded by rainfall, and trampled upon by boisterous crowds at athletic events. She then separately itemizes her damages caused by defendant school district No. 25 to be the sum of $86.

She further alleges that defendant city of Broken Bow through its employees and agents negligently removed two survey posts from her property; tore out one water drainage culvert, stopped up and buried another near-by; constructed a drainage ditch 4 feet on the north and 6 feet on the south of her property as a substitute for the culvert; unlawfully vacated the streets and alleys and appropriated her property without compensation. She alleges that on

October 16, 1939, she filed a claim with the city of Broken. Bow for damages to herself and her property, but that the claim has never been allowed, paid or rejected. She then specifically itemizes her damages caused by defendant city of Broken Bow to be the sum of $91.

By general allegations plaintiff charges that the acts were done by defendants collusively and in concert, and specifically itemizes her damages caused "by all the defendants, working together" to be the sum of $350, for changing the character of the neighborhood; filling up the streets and alleys higher than her property, and overrunning her property whenever a game or meet was in progress.

Wherefore plaintiff prays that an accounting be had of the damages done by the defendants and each of them, and that defendants be enjoined from allowing crowds at its athletic field to run over her property and be required for that purpose to erect a retaining fence, and that defendants be enjoined from taking her property without compensation, and for equitable relief.

We will not discuss plaintiff's contention in brief of counsel that defendants having answered over waived demurrer, for the reason that no answers appear in the transcript brought to this court by plaintiff on appeal. See *Western Seed & Irrigation Co. v. Morton*, 59 Neb. 579, 81 N. W. 616. Counsel for plaintiff concedes in open court, and careful examination of the amended petition discloses, that there are no statements of facts charging the individual members of the city council or the individual members of the school board with any negligent or wrongful acts. We, therefore, conclude that their general demurrers were each properly sustained.

We now consider the question of whether the trial court erred in sustaining the special demurrers. A joinder of causes of action is the uniting of two or more demands or rights of action in one action; misjoinder is the joinder in one complaint of plural causes which cannot lawfully be joined. See 1 C. J. S. 1181, sec. 61. "In determining whether more than one cause of action is stated, the main test is

whether more than one primary right or subject of controversy is presented, other tests being whether recovery on one ground would bar recovery on the other, whether the same evidence would support the different counts, and whether separate actions could be maintained for separate relief." 1 C. J. S. 1184, sec. 64.

Section 20-806, Comp. St. 1929, provides, in part: "The defendant may demur to the petition only when it appears on its face, * * * . Fifth. That several causes of action are improperly joined * * * ." In this connection we have said: "Where misjoinder of causes of action is apparent on the face of a petition, the infirmity may be challenged by demurrer." *Schultz v. Wise,* 93 Neb. 718, 141 N. W. 813.

Section 20-702, Comp. St. 1929, provides, in part: "The causes of action so united must affect all the parties to the action * * * ." The general rule is that causes involving different defendants cannot be joined, unless each cause affects them all and they have a joint or common liability or interest; separate causes against separate defendants cannot lawfully be joined. See 1 C. J. S. 1284, sec. 98a. See, also, 1 C. J. S. 1298, sec. 98d; 1 C. J. 1102; *Drainage District v. O'Neill,* 109 Neb. 552, 191 N. W. 685; *Radcliffe v. Lavery,* 100 Neb. 31, 158 N. W. 387; *School District v. De Long,* 80 Neb. 667, 114 N. W. 934.

It is a well-established rule that demurrer admits only facts that are well pleaded, and not conclusions of either law or fact. *American Water-Works Co. v. State,* 46 Neb. 194, 64 N. W. 711; *Frontier County v. Lincoln County,* 121 Neb. 701, 238 N. W. 317; *Retail Section of Chamber of Commerce of Plattsmouth v. Kieck,* 128 Neb. 13, 257 N. W. 493; *Griffin v. Gass,* 133 Neb. 56, 274 N. W. 193.

We have held that where both general and specific allegations are made respecting the same matter the latter controls. General allegations and conclusions lend no support to a petition which contains specific statements and allegations inconsistent therewith. *Salsbury v. City of Lincoln,* 117 Neb. 465, 220 N. W. 827; 49 C. J. 119. While plaintiff alleges generally that the tortious acts were done collusive-

ly and in concert, such general allegations are mere conclusions, not supported by any well-pleaded facts which would legally impose a joint or common liability upon all the defendants. Further, such allegations are wholly inconsistent with the specific allegations of her petition.

It is readily apparent that plaintiff is asking for a judgment against defendant city of Broken Bow in the sum of $91, and against defendant school district in the sum of $86, for separable alleged tortious acts and resulting damages.

It is likewise discernible that plaintiff is seeking, in addition, a joint money judgment against both defendant city of Broken Bow and defendant school district in the sum of $350 because of alleged tortious acts specifically charged to defendant school district. These circumstances make the following rule particularly applicable: "If, in contemplation of law, the single tort cannot be committed by two or more together, and can only be a different tort by each, a separate action must be brought against each wrong-doer." Pomeroy, Remedies & Remedial Rights (2d ed.) sec. 281. See, also, 1 C. J. S. 1298, sec. 98d.

Plaintiff seeks to recover damages on the theory of an accounting in equity. The basic reason for equity jurisdiction in an action for accounting is inadequacy of remedy at law. *Dickerson v. Surety Nat. Farm Loan Ass'n,* 127. Neb. 67, 254 N. W. 679. When equitable relief is solely appropriate to the main issue or cause of complaint the equity court will ordinarily retain the case and take account of the damages growing out of or following from the wrong which is the basis of equitable relief. Damages which may be recovered in equity are compensatory and such only as are ancillary or auxiliary to the main relief. 21 C. J. 141, 142. Plaintiff does not bring an action for both legal and equitable relief in respect to the same cause of action but pleads independent, separable legal causes of action to recover unliquidated damages for tort. Under such circumstances they cannot be recovered in equity. 30 C. J. S. 354, sec. 28.

On an application for an extraordinary writ the petition will receive a strict construction; the rule that pleadings should be construed liberally applies only to ordinary actions. *School District v. De Long,* 80 Neb. 667, 114 N. W. 934; *Omaha Grain Exchange v. Spillman,* 118 Neb. 729, 226 N. W. 452; *Northport Irrigation District v. Farmers Irrigation District,* 125 Neb. 607, 251 N. W. 174. Bearing this rule in mind we find that the injunction feature of the case at bar is directed solely to and involves only the school district, except for the alleged taking and use of plaintiff's property without just compensation for which she has a claim filed and pending with defendant city of Broken Bow; thus, as to the latter, she has an adequate remedy at law. It is only where the act sought to be enjoined is threatened or being performed by more than one that all may be joined as defendants. *Nattinger v. Howard,* 102 Neb. 175, 166 N. W. 263; 32 C. J. 303. Applicable law hereinbefore stated requires us to find that misjoinder of causes of action and of parties defendant are apparent on the face of plaintiff's amended petition. The special and general demurrers were properly sustained, and the judgment of the trial court is affirmed.

AFFIRMED.