RACHEL HARDIN SCUDDER ET AL., APPELLANTS, V. JOHN W. EVANS ET AL., APPELLEES.

FILED DECEMBER 4, 1920. No. 21161.

1. **Wills: Probate.** Parties interested in the denial of the probate of a will must proceed on the assumption that the proponent will produce evidence at the hearing that the will was legally executed.

2. ———: **Probate: Setting Aside in Equity.** In an equitable proceeding to set aside the probate of a will on the ground that it was obtained by fraud and false testimony, the plaintiffs must allege and prove that they exercised due diligence before the hearing, and that the failure to obtain a proper decision was not attributable to their own fault or negligence.

3. ———: ———: ———. Where in such an action it is not shown that the parties who would be benefited in any manner procured or caused false testimonys, to be given by the witness, who, it is alleged, gave such testimony, and no fraud is shown extrinsic to the record, the decree will not be set aside on that ground.

APPEAL from the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*Ringer, Bednar & King,* for appellants.

*Lambe & Butler, contra.*

LETTON, J.

Plaintiffs are sons and daughters of a deceased sister of Elijah Manning, who died March 11, 1917. He executed an instrument on February 15, 1915, which was afterwards probated and allowed as his last will and testament. By the terms of the will his personal property and a life estate in the realty were to go to the widow, Ellen Manning, with remainder in fee to his sister, Elizabeth Sherman, subject to the payment by her of $500 to each of the plaintiffs. He left a valuable estate in this state and in Illinois. The will was probated on April 27, 1917, on the petition of the widow, who afterwards refused to take under it and elected to take her distributive share

under the law. An administrator with the will annexed was appointed. In May, 1918, he filed his final report and asked to be discharged. Plaintiffs filed objections to the final report, and a petition to set aside the decree probating the will. This was denied and no appeal was taken.

In September, 1918, this suit was brought on the equity side of the county court, seeking to set aside the probate of the will, the grounds alleged being that the purported will was admitted to probate on the testimony of one of the subscribing witnesses; that in fact there was only one witness to the will who signed in the presence of the testator, and this fact was fraudulently concealed by the two persons whose names appeared thereon as witnesses, C. M. Evans and his brother, J. W. Evans, who was afterwards appointed administrator; that the brothers had great influence over the deceased, and were especially friendly with the defendant Elizabeth Sherman, and they fraudulently conspired to induce testator to give most of his property to Mrs. Sherman; that at the time the instrument was offered for probate the petitioners did not know the facts and had no knowledge of such facts as to cause them to make inquiry concerning the ground of invalidity; that at the hearing C. M. Evans was examined as to the execution of the will, and testified, but John W. Evans, who did not subscribe as a witness in the presence of the testator, did not testify, and they thereby fraudulently procured the decree of probate.

The answer pleads the validity of the will and probate, *res adjudicata,* failure to appeal, the short statute of limitations where judgments are sought to be opened, and estoppel of one plaintiff by acceptance of benefits conferred by the will. The court found generally for defendants, and plaintiffs have appealed.

There is no proof of undue influence or of mental incompetency. The question presented is whether plaintiffs have shown any grounds in equity for setting aside the former decree probating the will.

The evidence shows that plaintiffs each had a copy of the will before the time set for the hearing. Mrs. Hox-worthy, one of plaintiffs, on her own behalf and on behalf of the other plaintiffs, through a firm of lawyers in Illinois, where she resided, employed a local attorney to represent her interests at the hearing. He appeared and asked for a continuance on the ground that his client desired to contest, but no objections were filed and no reason was given why the will should not be probated. The motion to continue was overruled, and, there being no objections on file, the will was probated on the testimony of one subscribing witness under section 1304, Rev. St. 1913, which provides that, if no contest is made, the will may be probated on the testimony of one of the subscribing witnesses. No appeal was taken.

Mrs. Scudder, another of the plaintiffs, went to Furnas county about the middle of May, 1918, and ascertained from Mrs. Fisher and Mrs. Manning that they believed John Evans was not present when the will was signed.

The question is whether a decree of probate should be set aside on application made more than a year after its rendition upon the sole ground that a witness, not a party to the proceedings, or in any wise interested therein, so far as the evidence shows, testified falsely at the hearing. An extended experience of the general inaccuracy of observation and of the frailty of human nature as exhibited on the witness stand convinces the writer that, if judgments may be opened up and set aside on the sole ground that testimony given at the hearing was false or even perjured, then comparatively few judgments would be conclusive. It is in the highest degree essential to the welfare of the community, and to the respect which should be given to and the confidence which ought to exist in the judgments of a court, that they should not be set aside unless upon the strongest and most convincing grounds. Since the title to much of the real estate in the state depends upon the conclusiveness of a decree of probate, it is evident that it ought not to be set aside except for the

strongest of reasons and in accordance with established rules. It is seldom, indeed, that a judgment may be opened on account of perjured testimony. It is only when an interested party may have participated in, or conspired to commit, a fraud upon the court. The principles applicable are well stated by Mr. Justice Miller in *United States v. Throckmorton*, 98 U. S. 61. After an examination of a number of cases, the opinion says:

"We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered. That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

An exhaustive note on the subject is found in 10 L. R. A. n. s. 216, to cases of *Graves v. Graves*, 132 Ia. 199, and *Bleakley v. Barclay*, 75 Kan. 462, 10 L. R. A. n. s. 230. The same principles have been stated by this court in *Munroe v. Callahan*, 55 Neb. 75, *Barr v. Post*, 59 Neb. 361, *Secord v. Powers*, 61 Neb. 615, and *Miller v. Estate of Miller*, 69 Neb. 441; and in the same cases the necessity to show that due diligence has been exercised by plaintiff is also stated. Was due diligence exercised? There is no showing that the facts testified to by Mrs. Manning and Mrs. Fisher could not have been ascertained at any time after the death of Mr. Manning upon due inquiry of Mrs. Manning. It is true that Mrs. Fisher was absent from the state during a considerable portion of the time which elapsed, but there is nothing to show that Mrs. Manning could not

have furnished the information just as freely and fully before the will was probated as thereafter. Mrs. Scudder, one of the plaintiffs is a resident of the state, and, apparently, as soon as she went to Furnas county and made inquiry, she ascertained the facts to which these witnesses testify. The law expects that those interested in a matter coming up for hearing before a court will fully inform themselves of the facts upon which their side of the controversy depends before the hearing, or, if there is not sufficient time to do so, that they make their grounds of defense or matters of objection known, so that the court, upon their application for a continuance, may be advised that a real and substantial controversy and dispute exists. There is no evidence that any of the beneficiaries under the will conspired or confederated together with the attesting witness in any degree to secure its fraudulent probate, and the record does not show such diligence on the part of plaintiffs as to entitle them to have the decree probating the will set aside.

AFFIRMED.