Ferson v. Armour & Co.

LOUIE OSBORNE FERSON ET AL., APPELLANTS, V. ARMOUR
& COMPANY ET AL., APPELLEES.

FILED FEBRUARY 15, 1923.    No. 22224.

1. **Pleading:** PETITION. The rules of pleading require a plaintiff in a civil suit to insert in the petition "a statement of the facts constituting the cause of action in ordinary and concise language and without repetition." Comp. St. 1922, sec. 8608.

2. **Contempt.** Litigants and counsel are answerable to the court for violating established rules of procedure and orders made in regard to pleadings.

3. **Pleading:** STRIKING PETITION. A petition may be stricken from the files if fatal defects and improper matter therein extend to the pleading as a whole, or if plaintiffs, in filing it, ignore an order of the court.

4. **Dismissal.** Judicial power to dismiss an action without prejudice for failure of plaintiffs to comply with rules of pleading and orders relating thereto is recognized by statute. Comp. St. 1922, sec. 8598.

5. ————. A court of general jurisdiction has inherent power to protect itself, litigants and the public from vexatious proceedings by dismissing with prejudice suits instituted by plaintiffs who repeatedly violate the rules of pleading and the orders relating thereto, after having had a full opportunity to present litigable controversies in proper form.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*John O. Yeiser* and *John O. Yeiser, Jr.,* for appellants.

*Kennedy, Holland, DeLacy & McLaughlin, Wayne Selby, Sears, Horan & Sheppard, Baldrige & Saxton, Gaines, Van Orsdel & Gaines, W. H. Herdman, Montgomery, Hall & Young, Gurley, Fitch & West, Brown, Baxter & Van Dusen, I. J. Dunn* and *Chester A. Legg,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH, DAY and GOOD, JJ., TROUP, District Judge.

ROSE, J.

This proceeding was instituted April 9, 1919, to recover $120,000,000 in damages. Plaintiffs claim to

have procured from the government of the United States January 8, 1901, a patent for the invention or discovery of a process for the manufacture of a biscuit or ration combining pork and beans. They also claim to be owners of similar patents issued by other governments. Defendants are corporations and individuals engaged in the packing industries and in other industrial enterprises. The demand of plaintiffs for relief seems to be based on a conspiracy which they claim resulted in personal injuries and indignities and in the destruction or loss of exclusive rights, investments, property, business and profits protected by their patents.

Though the proceeding has been pending in court nearly four years, it has not passed beyond the petitions and the conduct of plaintiffs and their counsel.

Four petitions were filed. The first covered approximately 400 pages of matter, containing, among other things, inflammatory language, conclusions of fact and law, redundant allegations, unnecessary repetitions, scandal, private chat, personal episodes, evidence, criminal charges and other extraneous matters having no legitimate relation to the stating of a cause of action for damages. These flagrant violations of the rules of pleading stand out conspicuously on the face of the petition. They cumber the record, harass defendants and consume time which the court should devote to litigants who invoke processes of the court and judicial powers in an orderly manner. The law does not require defendants to answer such a petition, nor are they required, in attacking it, to perform services equivalent to the drafting of a petition stating in proper form a cause of action against themselves. Following the proper procedure in a case like this, the district court struck the first petition from the files.

Afterward, a shorter petition was filed, and it was also stricken from the record because it did not conform to the statutory rule requiring, "A statement of the facts constituting the cause of action in ordinary

and concise language and without repetition." Comp. St. 1922, sec. 8608.

Later, a third petition, containing generally the improper matter and the other infirmities in both the first and the second petitions, was filed. This was also stricken from the files, the findings of the trial court containing, among other things the following:

"The court further finds that the plaintiffs have been contemptuous of the court, constructively and legally, filing petitions repeatedly, and particularly in filing their third amended petition, after being advised by the court that previous petitions with like defects were improper, and after the striking of such previous petitions from the files; but the court does not find that the plaintiffs are actually and actively contemptuous, and so the court will not order the case dismissed."

After this warning, while the opportunity to file a petition conforming to the rules of pleading and to the orders of the district court was still open, plaintiffs filed a fourth petition containing, in substance, the fatal defects for which the second petition had been condemned. The fourth petition met the same fate as the others, but, in addition, the action was dismissed with prejudice. From the dismissal plaintiffs have appealed.

Did the trial court err in striking the fourth petition from the files and in dismissing the proceeding with prejudice?

While no particular form of expression or literary style is required of plaintiffs in drafting a petition, both the statute and the orderly procedure essential to the administration of justice require "A statement of the facts constituting the cause of action in ordinary and concise language and without repetition." This rule is essential for the purposes of advising defendants of their alleged wrongs or obligations, of raising and defining issues of fact, of ruling on the admissibility

of evidence, and of making findings or of submitting
questions to the jury. To aid litigants and the courts
in ascertaining the truth about controverted issues of
fact for the purpose of administering justice, the state
is engaged at an enormous expense in educating men and
women to prepare pleadings and to perform other ser-
vices of attorneys whose duties extend beyond their
clients to the courts and the state. A court is not
a mere instrument of litigants for the settlement of
private controversies. It is a separate department of
government. Out of its findings and judgments in ac-
tions between private suitors grow rules of conduct
applicable to society as a whole. Litigants and counsel
alike are answerable to the court for violating establish-
ed rules of procedure and orders made in regard to
pleadings. Plaintiffs' fourth petition not only violated
established rules, but it was filed in contempt of court.
In a situation like this defendants are not limited to
the statutory method of attacking the petition by motion
to strike out improper matter or to make allegations
more definite and certain. Comp. St. 1922, sec. 8673.
It may be stricken from the files, if fatal defects ex-
tend to the pleading as a whole; or if plaintiffs in filing
it ignored an order of the court. Judicial power to dis-
miss an action without prejudice for failure of plaintiffs
to comply with rules of pleading and orders relating
thereto is recognized by statute. Comp. St. 1922, sec.
8598. A court of general jurisdiction has also power, in
administering justice as a department of government,
to protect itself, litigants and the public from vexatious
proceedings by dismissing with prejudice suits in-
stituted by plaintiffs who repeatedly violate the rules
of pleading and the orders relating thereto, after having
had a full opportunity to present litigable controversies
in proper form. This power, however, should be spar-
ingly exercised. Otherwise innocent suitors may suffer
from the mistakes or the contumacy of attorneys whom
the court itself has licensed to practice law. The

, present case, ·however, · is not one ·wherein the. clients · are ignorant of the nature and the contents of the ··petition. Much of the scandal and other objectionable matter condemned could only have been collected and prepared by painstaking care ·and industry on the part of plaintiffs themselves. Under the circumstances of this· particular case, the trial court did not err in dis- . missing the proceeding with prejudice.

·AFFIRMED.