ESTHER N. BUSHNELL, APPELLANT, v. ADDIE THOMPSON ET AL, APPELLEES.

274 N. W. 453

FILED JUNE 30, 1937. No. 30047.

*Charles A. Fisher* and *W. M. Iodence,* for appellant.

*Boyd & Metz, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

Plaintiff brought this action in ejectment alleging a legal estate in and right to possession of the following described realty: "A strip of land about 30 rods in width, north and south, and 100 rods in length, east and west, which is situated along the north side, and immediately

adjoining and abutting upon the north side of the section line between sections 1 and 12 in township 28 north of range 50 in said county, which tract comprises a portion of the south half of the southeast quarter and the southeast quarter of the southwest quarter of said section 1."

Defendants Addie Thompson and Eugene E. Thompson in their answer alleged as defenses that the land claimed by plaintiff was not in section 1, but was a part of section 12, and that defendants had been in possession thereof, under claim of ownership, for more than ten years, and pleaded the statute of limitations. Plaintiff's reply was in the nature of a general denial. A trial of the issues resulted in the following verdict: "We, the jury duly impaneled and sworn in the above entitled cause, do find for the defendant Burt Furman. We also find that the plaintiff has a legal estate in and is entitled to the possession of the tract of land described in her petition and also find for the plaintiff as to her claim for damages as against the defendants Addie Thompson and Eugene E. Thompson and assess the amount of her recovery therefor at $288." It may be observed that the court directed a verdict in favor of defendant Furman.

Motions for a new trial were filed by Addie Thompson and Eugene E. Thompson, and later the court sustained these motions, and, realizing that plaintiff's description of the land claimed by her was so indefinite that no one could tell what particular tract of land was claimed, gave leave to plaintiff to amend her petition, to accurately describe the tract of land claimed by her, and ordered that, unless she did so amend her petition within 60 days, the action would be dismissed. After the lapse of more than 60 days, plaintiff not having amended her petition but having stated in open court that she elected to stand upon her petition, the court entered judgment of dismissal. Plaintiff has appealed.

It is apparent that plaintiff has not in her petition described any tract of land with particularity, so that it could be ascertained. The most that may be said for

it is that the south boundary of the tract is the south line of section 1, in township 28, north of range 50 west, but, in truth and in fact, if the range is 50 west, it is not in the county in which trial was had, but would be in Box Butte county, to the east thereof. From other matters in the record and from the formal pleadings, it is evident that plaintiff should have designated the range as 53 west, but, even if the range had been correctly given, only one dimension of the tract claimed by plaintiff was set out. Where it terminates on the east was not disclosed, nor where it terminates on the west, and its northern boundary is somewhat indefinite. It would be impossible for any one to locate, from the description given, any particular tract of land claimed by plaintiff. When this situation was apparent to the court, it very properly advised plaintiff that it would be necessary for her to give an accurate description of the land, possession of which she sought to obtain in the action. Plaintiff was allowed ample time in which to comply with the order of the court. Plaintiff did not comply with the order, but she announced in open court that she would stand on her second amended petition.

The rule is well established that failure or refusal of plaintiff to comply with a proper order of the court may be valid ground for dismissal of the action. Section 20-601, Comp. St. 1929, authorizes dismissal of an action by the court for disobedience by the plaintiff of an order concerning the proceedings in the action.

In *Ferson v. Armour & Co.*, 109 Neb. 648, 192 N. W. 125, it was held: "Judicial power to dismiss an action without prejudice for failure of plaintiffs to comply with rules of pleading and orders relating thereto is recognized by statute."

In *Northport Irrigation District v. Farmers Irrigation District*, 125 Neb. 607, 251 N. W. 174, it was said (p. 611): "The lower court sustained two motions to two different petitions; the plaintiff failed to comply with the order or ruling of the court but avoided setting out the matter

required in each of the petitions and the court was justified in dismissing the case where the plaintiff ignored the previous order of the court," citing *Ferson v. Armour & Co., supra.*

Since the judgment of dismissal was properly made because of plaintiff's refusal to comply with the order of the court, it is unnecessary to consider any other question presented.

The judgment of the district court is right and is

AFFIRMED.