PETERSEN & PETERSEN, INC., ET AL., APPELLANTS, v. WEST NEBRASKA EXPRESS, INC., APPELLEE.

68 N. W. 2d 189

Filed January 21, 1955. No. 33628.

*J. Max Harding, Einar Viren,* and *R. E. Powell,* for appellants.

*Russell E. Lovell,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the Nebraska State Railway Commission by which the commission dismissed a formal complaint filed by the appellants against the appellee without affording appellants an opportunity to be heard thereon.

On November 10, 1953, Petersen & Petersen, Inc., Sullivan Transfer and Storage Company, Arrow Freight Lines, and Red Ball Transfer Company, the appellants, each of whom held certificates of public convenience and necessity issued by the commission, filed a complaint with the commission alleging that West Nebraska Express, Inc., the appellee, was engaged in certain operations in violation of the authority granted to it by the commission. The prayer of the complaint was for an order of the commission directing and requiring appellee to immediately cease and desist from such violations of the statutes of Nebraska, the rules of the commission, and the terms of its certificate of public convenience and necessity.

The appellee, on November 19, 1953, filed a motion to make the complaint more definite and certain. The motion was sustained after oral argument thereon on November 28, 1953. On February 16, 1954, appellants filed an amended complaint. On March 6, 1954, appellee filed a motion to make the amended complaint more definite and certain and to strike certain parts of the amended complaint, and, for failure to comply with the order of the commission, that the complaint be dismissed. On April 12, 1954, after oral argument of the motion, the commission sustained the motion to strike and directed appellants to file a second amended complaint on or before April 23, 1954. On April 20, 1954, appellants filed an answer to the commission's order of April 12, 1954, the effect of which was a refusal to comply with such order and to stand on the amended complaint. The appellee thereupon filed a motion to dismiss the amended complaint because of appellants' refusal to comply with the order of the commission. On April 30, 1954, the motion to dismiss the amended complaint was sustained by the commission, and the appellants appealed.

The only question to be decided is whether or not the

commission properly required the appellants to file a second amended complaint.

The complaint was filed under the provisions of section 75-411, R. R. S. 1943. In substance this section provides that any person, firm, corporation, or association complaining of anything done or omitted to be done by any common carrier relative to the control and regulation of common carriers under which the commission has authority to act, may apply to the commission for its correction. In the handling of complaints under the foregoing section the commission is authorized to adopt rules and regulations to govern its proceedings. §§ 75-107, 75-109, 75-225, R. R. S. 1943. Pursuant to the authority thus granted, the commission adopted rule 3.1, Rules of Practice and Procedure before the Nebraska State Railway Commission, which in part provides: "The complaint shall be drawn so as to advise fully and completely the parties defendant and the Commission wherein the provisions of the law or the rules, regulations, or orders of the Commission have been or are being violated. The complaint shall set forth concisely and in plain language the facts claimed to constitute such violations and the relief sought."

The portions of the amended complaint which are pertinent to the present appeal are those contained in paragraphs 6 and 8. In paragraph 6 it is alleged in part: "West Nebraska Express, Inc., is at the present time and for some time past has been engaged in the transportation of various commodities, including the transportation of loaded rocket shells (ammunition) moving between the Cornhusker Ordnance Plant at or near Grand Island, Nebr. and the Sioux Ordnance Depot located at or near Sidney, Nebraska." In paragraph 8 it is alleged in part: "West Nebraska Express, Inc., has also been engaged in the movement of traffic, which so far as this defendant is concerned, originates at Omaha, Nebr., and is destined to Cornhusker Ordnance Plant at or near Grand Island, Nebr., and the Sioux Ordnance Depot at

or near Sidney, Nebr., all of which traffic has moved under Government bills of lading, and which traffic consists of various types of explosives and other commodities used in the manufacture of projectiles or shells, all of which movement of traffic is beyond the scope of the operating authority issued to this defendant by order of this Commission, and further is in violation of the policies, rules and regulations of this Commission."

The motion to make more definite and certain specifically requests that appellants be required to set forth whether said shipments referred to in the amended complaint were of an interstate or intrastate nature. The order of the commission required appellants to comply with this request. It is the contention of the appellants that they have pleaded all that is required and that the action of the commission in dismissing their amended complaint was arbitrary.

The parties concede that if the shipments of the specified commodities were interstate in character the Interstate Commerce Commission is the proper forum in which the complaint should be filed and that the Nebraska State Railway Commission would be without jurisdiction of the subject matter. On the other hand, if such shipments were intrastate in their nature, the commission would have exclusive jurisdiction to hear and determine the complaint.

The allegations of the amended complaint hereinbefore quoted contain all the facts pleaded with reference to this point. It will be noted that the allegations of paragraph 6 state only that appellee has been engaged in the transportation of commodities moving between the Cornhusker Ordnance Plant and the Sioux Ordnance Depot. Whether or not such shipments were interlined between the stated points as a part of an interstate shipment is not set forth; nor are facts alleged which show that such shipments were intrastate in nature. The amendment of paragraph 6 is not in compliance with the commission's order.

With reference to paragraph 8 the appellants allege that "West Nebraska Express, Inc., has also been engaged in the movement of traffic, which so far as this defendant is concerned, originates at Omaha, Nebr., and is destined to Cornhusker Ordnance Plant at or near Grand Island, Nebr., and the Sioux Ordnance Depot at or near Sidney, Nebr., * * *." It cannot be determined from this allegation whether or not the traffic referred to is interstate or intrastate. The words "so far as this defendant is concerned" eliminate the inference that might be otherwise drawn that the traffic was intrastate. The pleading is not a compliance with the commission's order.

It is a fundamental rule of pleading that facts must be alleged in a petition showing jurisdiction of the subject matter in a tribunal of limited jurisdiction. A court or tribunal of limited jurisdiction in this state which requires the filing of formal pleadings is not required to hear matters in which it does not appear affirmatively by the pleadings, not only that a cause of action has been stated, but also that such court or tribunal has jurisdiction of the subject matter.

In the case before us, appellants were required to plead facts sufficient to show that the commission had jurisdiction of the subject matter of the complaint. The specific question as to whether or not the shipments were intrastate or interstate was raised. They elected not to comply with the order made. Under such circumstances the commission is empowered to take proper steps to enforce its order.

The commission has power to dismiss a complaint without prejudice for failure of the complainant to comply with rules of pleading and orders relating thereto. While the power should be sparingly used, its exercise is entirely proper where the pleader elects to disregard the order of the commission and to stand on the complaint as filed. It is only where such a complaint is dismissed without reasonable cause that this court will

reverse the action of the commission. The appellants had every opportunity to comply with the commission's order with full knowledge of its requirements. Under such circumstances the commission pursued the only course which was left open to it. Ferson v. Armour & Co., 109 Neb. 648, 192 N. W. 125; Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453. We find no error in the record.

AFFIRMED.