IN RE ESTATE OF MARTIN F. LEWIN, DECEASED.
MARJORIE L. LEWIN, APPELLANT, v. INEZ LEWIN ET AL., APPELLEES.
119 N. W. 2d 96
Filed December 28, 1962. No. 35334.

F. C. Radke, for appellant.

Schaper & Schaper, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from an order of the district court for Valley County striking the petition and dismissing an action attacking the validity of the proceedings for the probate of the will of Martin F. Lewin, deceased.

The plaintiff is Marjorie L. Lewin, the widow of the deceased. The defendants are Inez Lewin, the mother of the deceased, and Jack Devoe, a Lincoln attorney, who were named in the will as coexecutors. The petition alleges that the defendants filed a petition for the probate of the will of Martin F. Lewin in the county court of Valley County on May 19, 1960, alleging that deceased at the time of his death was a resident of Valley County when in fact he was a resident of Lancaster County. It is the contention of plaintiff that the county court of Valley County was without jurisdiction to probate the will of Martin F. Lewin, deceased, under the provisions of section 30-213.01, R. S. Supp., 1961, and that the purported probate proceeding in the county court of Valley County is wholly void and of no force and effect.

The history of the litigation is substantially as follows: The petition for the probate of the will of Martin F. Lewin, deceased, was filed in the county court of Valley County on May 19, 1960. Notice of hearing on the petition was duly published in a legal newspaper in Valley County and a copy of the notice was mailed to all known persons who were interested, including the plaintiff, Marjorie L. Lewin. On June 13, 1960, a hearing on the petition was held at which plaintiff and her attorney were present. No objections to the probate of the will were filed. Evidence was taken and the will admitted to probate. The order admitting the will to probate provided in part: "* * * the Court finds that the said Martin F. Lewin, deceased, died on April 20, 1960, and that at the time of his death he was a resident of Valley County, Nebraska, and that the said Martin F. Lewin, deceased, died seized of an estate consisting of both real and personal property in Valley County, Nebraska." No appeal was taken from this order.

After the entry of the order of the county court admitting the will to probate, and long after the time for appeal had expired, plaintiff filed her petition in the district court alleging that the county court of Valley County was without jurisdiction in the probate proceeding under the provisions of section 30-213.01, R. S. Supp., 1961, in that Martin F. Lewin at the time of his death was a resident of Lancaster County and not a resident of Valley County as found by the county court.

Defendants moved to strike the petition for the reason that the judgment of the county court was final and conclusive and not vulnerable to the attack made upon it. The trial court sustained the motion and dismissed the action. A motion for a new trial was filed and overruled. Plaintiff perfected her appeal to this court.

The plaintiff contends that the motion to strike should be treated as a demurrer. We agree with this contention. Brandeen v. Beale, 117 Neb. 291, 220 N. W. 298;

Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686. The motion to strike contains a recitation of the record made in the county court. A recitation of facts constituting a defense is not proper to be included in a motion to strike and they will be disregarded in this court. Since the facts asserted are contained in the transcript of the proceedings of the county court, this court will take judicial notice of them. State ex rel. Johnson v. Wagner, 139 Neb. 471, 297 N. W. 906. Plaintiff contends that this court cannot properly go to the transcript for facts that support a sustaining of the demurrer. We agree that we cannot supply evidence from the transcript, but we can take judicial notice of the pleadings, orders, and judgments shown in the record.

Section 30-213.01, R. S. Supp., 1961, provides: "Whenever any person shall die testate, being an inhabitant or resident of this state at the time of his death, the county court of the county of which said decedent was an inhabitant or resident at the time of his death shall have exclusive jurisdiction over the proceedings for the probate of the last will and testament of such decedent and to prove and allow or disallow the same." On the basis of this section of the statute the plaintiff contends that Martin F. Lewin was actually a resident of Lancaster County at the time of his death, that the county court of Valley County did not therefore have jurisdiction of the subject matter, and that the probate proceeding is wholly void.

The county courts of this state have exclusive original jurisdiction in all matters of probate and the settlement of the estates of deceased persons. Art. V, sec. 16, Constitution of Nebraska. The county court of Valley County therefore had jurisdiction of the subject matter upon the filing of the petition for the probate of the will of Martin F. Lewin, deceased, in that court. Jurisdiction of the subject matter is defined in a recognized text as follows: "Jurisdiction of the subject matter is the power to hear and determine cases of the general

class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs, the authority to hear and determine both the class of actions to which the action before the court belongs and the particular question which it assumes to determine." 21 C. J. S., Courts, § 23, p. 36. See, also, 14 Am. Jur., Courts, § 191, p. 385. The filing of the petition for the probate of the will of Martin F. Lewin, deceased, is within the subject matter granted to county courts by the cited constitutional provision. The place of decedent's death does not affect the subject matter of the proceeding.

The question raised by plaintiff is one of venue and not jurisdiction in the strict sense of the term. The question of venue is one of fact which a court having jurisdiction of the subject matter is empowered to hear and determine. The county court in the present case found upon the evidence adduced that Martin F. Lewin was a resident of Valley County at the time of his death. The order of the county court admitting the will to probate so shows. The necessary facts were found to exist to fix the venue of the proceeding in Valley County. No appeal having been taken, the order of the county court admitting the will to probate became a final adjudication and not subject to the attack plaintiff makes upon it. The venue of the proceeding has been finally adjudicated. No question of fraud by an interested party in procuring the judgment is claimed. Plaintiff merely asserts that the facts as to venue were different than as found by the county court upon the evidence submitted. The issue is clearly res judicata.

The reasoning supporting the rule is well stated in Scudder v. Evans, 105 Neb. 292, 180 N. W. 254, in the following language: "The question is whether a decree of probate should be set aside on application made more

than a year after its rendition upon the sole ground that a witness, not a party to the proceedings, or in any wise interested therein, so far as the evidence shows, testified falsely at the hearing. An extended experience of the general inaccuracy of observation and of the frailty of human nature as exhibited on the witness stand convinces the writer that, if judgments may be opened up and set aside on the sole ground that testimony given at the hearing was false or even perjured, then comparatively few judgments would be conclusive. It is in the highest degree essential to the welfare of the community, and to the respect which should be given to and the confidence which ought to exist in the judgments of a court, that they should not be set aside unless upon the strongest and most convincing grounds. Since the title to much of the real estate in the state depends upon the conclusiveness of a decree of probate, it is evident that it ought not to be set aside except for the strongest of reasons and in accordance with established rules. It is seldom, indeed, that a judgment may be opened on account of perjured testimony. It is only when an interested party may have participated in, or conspired to commit, a fraud upon the court."

Plaintiff next contends that the sustaining of the motion to strike does not warrant the dismissal of the action. The plaintiff did not request time to further plead and treated the dismissal as a final disposition of the issue raised. In her motion for a new trial no error is asserted for failure of the court to permit the filing of an amended pleading. Finally, it appeared on the face of the petition that a cause of action was not stated and that a cause of action could not be stated on the point raised.

In Ferson v. Armour & Co., 109 Neb. 648, 192 N. W. 125, this court said: "It (a petition) may be stricken from the files, if fatal defects extend to the pleading as a whole, or if plaintiffs in filing it ignored an order

of the court." A petition which shows on its face that a cause of action could not be stated by amendment appears to be within the foregoing rule. Plaintiff was in no manner prejudiced by the dismissal, it being the only result at which the trial court could arrive in any event.

For the reasons stated the judgment of the district court is correct and its judgment is affirmed.

AFFIRMED.