STATE OF NEBRASKA EX REL. PATRICIA L. GADDIS, APPELLEE, V.
CHARLES A. GADDIS III, APPELLANT.
465 N.W.2d 773

Filed February 22, 1991.   No. 88-763.

Thomas J. Garvey for appellant.

Charles E. Dorwart, Deputy Sarpy County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

The State of Nebraska, on relation or information of Patricia L. Gaddis, brought a child support action against Charles A. Gaddis III in the district court for Sarpy County, Nebraska, which entered judgment that Charles Gaddis pay $600 per month for his three minor children. We reverse and remand with direction.

## STANDARD OF REVIEW

"Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review." *Huffman v. Huffman*, 232 Neb. 742, 748, 441 N.W.2d 899, 904 (1989). See, *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988);

*Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

## FACTS

On November 7, 1975, in Sarpy County, Nebraska, Charles Gaddis married Patricia. Later, Gaddises lived in Otoe County, Nebraska, with their three children. After Charles Gaddis moved to Colorado in February 1982 without having been personally served in the marital dissolution action brought by Patricia Gaddis in the district court for Otoe County, the court, on February 19, 1982, entered a decree dissolving the Gaddis marriage and granted Patricia custody of the Gaddises' children. Since the court lacked personal jurisdiction over Charles Gaddis, no child support judgment was entered in the dissolution proceedings. Subsequently, Patricia Gaddis and the children moved to Sarpy County.

As the result of an action by the State of Nebraska ex rel. Patricia L. Gaddis pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), the district court for Larimer County, Colorado, on February 7, 1983, ordered that Charles Gaddis pay $225 per month for support of the Gaddis children.

On February 24, 1988, the State of Nebraska, through the office of the county attorney of Sarpy County, filed an "equity petition" and alleged:

> COMES NOW Petitioner, State of Nebraska and on its relationship to and from the information of the Relator, Patricia L. Gaddis, and pursuant to Neb. Rev. Stat. . . . 43-512.03 (1987 Supp.) [requests] an Order of support which Order requires the Respondent to pay monthly child support for the parties minor child(ren) in such amount as the Court shall deem fair and reasonable . . . .

In the petition, the State also alleged that pursuant to the URESA action in 1983, the Colorado court had ordered Charles Gaddis to pay support for his children.

Charles Gaddis filed a demurrer, claiming that in the pending Sarpy County action, the district court lacked "authority to modify a foreign judgment," namely, the Colorado child support order. We construe Charles Gaddis' demurrer to be lodged under Neb. Rev. Stat. § 25-806(1) (Reissue 1989), which

provides for a demurrer when, on the face of a petition, it appears that a "court has no jurisdiction of the person of the defendant or the subject of the action."

After the court overruled Gaddis' demurrer, the case proceeded to a trial, which established, among other things, that Charles Gaddis had been making payments pursuant to the Colorado child support order and that his last payment was made on February 8, 1988. As a result of the trial, the court ordered Gaddis to pay $600 monthly as child support for the Gaddis children.

## ASSIGNMENT OF ERROR

Charles Gaddis contends that the district court "improperly assumed jurisdiction over the case . . . despite the existence of an order for child support which was in full force and effect in another jurisdiction."

## BASIS FOR ACTION

Neb. Rev. Stat. § 43-512.03 (Reissue 1988) provides in part:

The county attorney or authorized attorney shall:

(1) On request by the Department of Social Services or when the investigation or application filed under section 43-512 or 43-512.02 justifies, file a petition against a nonsupporting parent or stepparent in the district, county, or separate juvenile court praying for an order for child support in cases when there is no existing child support order.

The State argues that § 43-512.03 relates to "cases when there is no existing [Nebraska] child support order." Thus, the issue is whether the district court had subject matter jurisdiction for the action commenced under § 43-512.03(1).

"Jurisdiction is the inherent power or authority to decide a case." *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 365, 417 N.W.2d 757, 763 (1988). Accord, *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990); *Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988); *State ex rel. Bauersachs v. Williams*, 215 Neb. 757, 340 N.W.2d 431 (1983).

Subject matter jurisdiction is a court's power to hear and determine a case of the general class or category to which the

proceedings in question belong and to deal with the general subject involved in the action before the court. *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988); *Lewin v. Lewin*, 174 Neb. 596, 119 N.W.2d 96 (1962).

"When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *State v. Crowdell*, 234 Neb. 469, 473-74, 451 N.W.2d 695, 699 (1990). Accord, *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986); *Anderson v. Peterson*, 221 Neb. 149, 375 N.W.2d 901 (1985); *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985).

In § 43-512.03, "in cases when there is no existing child support order" is unambiguous, but supplies no specificity for, definition of, or language to identify the jurisdiction wherein an existing child support order has been entered in relation to an action brought under that statute.

The State argues that unless "Nebraska" is inserted into § 43-512.03 in reference to an existing child support order, i.e., "no existing [Nebraska] child support order," then a child support obligee could not obtain "an order of child support in Nebraska or any other jurisdiction simply because a Colorado RURESA order exists." Brief for appellee at 7. To accomplish the State's suggested interpretation, this court would have to apply the rule of statutory construction expressed in *Board of Regents v. Gillette*, 149 Neb. 56, 66, 30 N.W.2d 296, 301 (1947): "The rule is that words may be supplied by the courts in construing a statute where that is necessary to complete the sense thereof and give effect to the intention of the Legislature manifested therein." However, the preceding rule was rejected in *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990). Addition of "Nebraska" in reference to an existing child support order within § 43-512.03 is accomplished by legislative language, not verbal injection from the judiciary.

Consequently, as a prerequisite for an action under § 43-512.03, there cannot be an existing child support order in any jurisdiction. Hence, a court has subject matter jurisdiction for an action under § 43-512.03 only "when there is no existing

child support order" in Nebraska or any other jurisdiction. Here, as acknowledged in the State's petition and substantiated at trial, there was a subsisting Colorado child support order when the action was commenced under § 43-512.03. Therefore, in the case before us, the trial court lacked subject matter jurisdiction for an action under § 43-512.03.

Child support from Charles Gaddis may be attainable in Nebraska, for we note that under the Revised Uniform Reciprocal Enforcement of Support Act, §§ 42-762 to 42-7,104 (Reissue 1988), an "obligee may register the foreign support order in a court of this state," § 42-797, and "[u]pon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state," § 42-7,101(a). If there is personal jurisdiction over a child support obligor, an obligee may then seek a modification of a registered foreign child support order in the same manner as an obligee may seek modification of a child support order initially entered by a Nebraska court. See, Neb. Rev. Stat. § 42-364 (Reissue 1988) (modification of child support order); *Johnson v. Johnson*, 215 Neb. 689, 340 N.W.2d 393 (1983). Cf., *Wilson v. Ransom*, 233 Neb. 427, 446 N.W.2d 6 (1989) (challenge to personal jurisdiction over obligor or presentation of a defense when a foreign URESA order is sought to be enforced in Nebraska).

## CONCLUSION

Since the district court lacked subject matter jurisdiction for the action brought under § 43-512.03, the court erred, as a matter of law, in overruling Charles Gaddis' demurrer, which should have been sustained pursuant to § 25-806(1), resulting in a dismissal of the proceedings. For that reason, we reverse and set aside the judgment of the district court and remand this matter to the district court with direction to dismiss the action.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.