STATE OF NEBRASKA EX REL. DELOMA R. CAMMARATA,
APPELLEE, V. NEIL M. CHAMBERS, APPELLANT.
574 N.W. 2d 530

Filed February 10, 1998.    No. A-96-1007.

Richard A. Rowland, of Quinn & Wright, for appellant.

Patricia Geringer, of Child Support Services of Nebraska, for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION
The State of Nebraska, on relation of Deloma R. Cammarata, brought a child support action against Neil M. Chambers in the

district court for Douglas County, Nebraska, which entered judgment that Neil pay $293 per month support commencing October 1, 1995, and that he pay $742 per month support commencing June 1, 1996. The State brought this action pursuant to Neb. Rev. Stat. § 43-512.03 et seq. (Reissue 1993, Cum. Supp. 1994 & Supp. 1995). Neil appeals, alleging that the district court was without jurisdiction to enter the support order pursuant to § 43-512.03 because there was an existing support order in effect. Because we agree, we reverse, and remand with directions to dismiss the State's petition.

## II. BACKGROUND

On May 7, 1977, Deloma and Neil were married. One child, Shannon, was born of the marriage, on August 20, 1977. On June 29, 1984, the parties' marriage was dissolved by a decree of dissolution entered by the district court for Douglas County. Pursuant to the dissolution decree, Deloma received custody of the child and Neil was ordered to pay support.

On March 24, 1987, the provisions of the decree concerning, inter alia, child support were modified by order of the district court. On September 28, 1992, the dissolution decree was modified by a stipulated modification order. The modification order provided that custody of the child would be changed to Neil, provided that Neil's support obligation was terminated, and provided that Deloma was not responsible for payment of child support until she became gainfully employed.

In June 1995, the child moved out of Neil's residence and sometime thereafter began residing with Deloma. Neither party filed any pleadings seeking to modify the September 28, 1992, order. In August 1995, Deloma began receiving aid for dependent children benefits from the State.

On September 11, 1995, the State filed a petition, instituting the case now before us. The State sought child support and medical coverage for the child pursuant to § 43-512.03 et seq. The State asserted that Deloma was in physical possession of the child, that Neil was the child's father, and that the child was in need of financial support.

On October 11, 1995, Neil filed a demurrer, alleging that the State's petition failed to state a cause of action against him. The

demurrer was overruled on November 6. On November 15, Neil filed an answer to the petition, in which he asserted that the petition constituted an impermissible collateral attack on the prior modification order of September 28, 1992.

On January 25, 1996, Neil filed a motion for summary judgment, based upon the State's failure to answer requests for admissions. The State failed to appear at the hearing on the motion, and the court sustained the motion on March 4. On March 28, the State filed a motion seeking to have the court reconsider its ruling on the summary judgment motion. Neil failed to appear at the hearing on the State's motion, and the summary judgment order was vacated on April 8.

The case then proceeded to trial; at which time, Neil moved to have the petition dismissed, reasserting the grounds raised in his prior pleadings. The court again overruled Neil's request. On August 1, 1996, the court entered a decree. The court found that jurisdiction was proper, that Deloma was the child's mother and had possession of the child, and that Neil was the child's father and had a duty to support the child. The court ordered Neil to pay support of $293 per month commencing October 1, 1995, and ordered him to pay support of $742 per month commencing June 1, 1996. Additionally, the court ordered Neil to provide health insurance for the child. Neil filed this appeal after a motion for new trial was overruled.

## III. ASSIGNMENTS OF ERROR

On appeal, Neil has assigned five errors. Because we conclude that the district court lacked subject matter jurisdiction, we need not discuss further the assigned errors.

## IV. ANALYSIS

### 1. PETITION

The petition filed by the State in this case declared that the authorized attorney was "acting pursuant to NEB. REV. STAT., Sections 43-512.03 *et. seq.* (R.S. Supp., 1992)." As such, this proceeding was brought outside of the dissolution case and was filed by the State as an independent action to establish support. Section 43-512.03 authorizes such action in certain circumstances.

In relevant part, § 43-512.03 in effect at the time of trial provides as follows:

(1) The county attorney or authorized attorney shall:

(a) On request by the Department of Social Services . . . file a petition against a nonsupporting parent or stepparent in the district, county, or separate juvenile court praying for an order for child or medical support in cases when there is no existing child or medical support order.

## 2. EXISTING ORDER

Both in the district court below and in this court on appeal, Neil asserts that there was an existing child support order which precluded the district court from having jurisdiction to entertain the State's petition in this case. Neil points to the modification order of September 28, 1992, as an existing support order. As a result of the existing order, Neil argues, the State's petition constitutes an impermissible collateral attack on the modification order.

The modification orders of March 24, 1987, and September 28, 1992, as well as the original dissolution decree, are not properly in the record before us. However, it is apparent from Deloma's testimony that the modification order of September 28, 1992, specifically addresses the issues of custody and child support. According to Deloma's testimony, the order specifically provides that the care, custody, and control of the child were changed from Deloma to Neil. The order also provides that Neil's support obligation is terminated. Finally, the order provides that Deloma is not ordered to pay support "until [she is] gainfully employed."

Additionally, we note that in a counterclaim Neil pled that the initial dissolution decree, as well as the March 24, 1987, modification order, specifically determined the issue of child support. Both parties agree in their briefs and arguments to this court, and Deloma's trial testimony also establishes, that the September 28, 1992, modification order also discussed the issue of child support, although Neil did not plead such in his counterclaim. Deloma failed to file any reply to Neil's counterclaim, and his assertions that the decree and the first modification included orders concerning child support are, accordingly,

deemed to be true. See *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989). See, also, Neb. Rev. Stat. § 25-842 (Reissue 1995).

The dissolution decree and the modification order which Neil refers to in his counterclaim are contained within the transcript of this appeal but are not a part of the bill of exceptions and do not appear to have ever been offered into evidence before the district court. The specific terms of these orders are, therefore, not known by this court because they were not properly preserved in the bill of exceptions. See *Johannes v. McNeil Real Estate Fund VIII*, 225 Neb. 283, 404 N.W.2d 424 (1987).

The fact that the specific terms of these orders are not before us is, however, of no consequence to our resolution of this case. According to the pleadings and Deloma's testimony, the dissolution decree and the modification orders address the issue of child support. Even if it was the case that the orders provided that no support is due from either parent, that does not change the fact that there is an existing support order. The child support issue was before the court at the time of the decree and each modification, and the issue was addressed in each order. As such, we need not address Deloma's protestations that the 1992 modification order is in part a conditional order, because regardless of that potential fact there is at least one existing order which addresses the issue of child support.

### 3. RESOLUTION

The Nebraska Supreme Court has held that the nonexistence of a support order is a prerequisite to an action under § 43-512.03. *State ex rel. Gaddis v. Gaddis*, 237 Neb. 264, 465 N.W.2d 773 (1991). As a result, a court has subject matter jurisdiction over an action brought pursuant to § 43-512.03 only when there is no existing child support order. *Id.* If there is an existing support order, the trial court lacks subject matter jurisdiction and a demurrer should be sustained. *Id.*

Child support from Neil may be attainable, for we note that under Neb. Rev. Stat. § 42-364(6) (Cum. Supp. 1994), existing child support orders in cases where a party has applied for services under title IV-D of the Social Security Act are subject to review as provided in §§ 43-512.12 through 43-512.18.

Sections 43-512.12 through 43-512.18 provide a vehicle for the State to seek a modification of an existing support order to attain support from a parent.

■ Because there is an existing support order, the State was not authorized to file the petition in the present case and the district court did not have subject matter jurisdiction. See *State ex rel. Gaddis v. Gaddis, supra.* As such, the court should have dismissed the action pursuant to Neil's motions at the beginning of the case or at the end of the evidence, or upon its own motion. See *County of Sherman v. Evans,* 252 Neb. 612, 564 N.W.2d 256 (1997). The absence of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Id.* For that reason, we reverse and set aside the judgment of the district court and remand this matter to the district court with directions to dismiss the action.

## V. CONCLUSION

For the reasons stated herein, the judgment of the district court is reversed, and the cause is remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.