Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2019 09:05 AM CST

STATE OF NEBRASKA ON BEHALF OF WALTER E.,
A MINOR CHILD, APPELLANT, AND NEBRASKA
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, APPELLEE, V.
MARK E., APPELLEE.

___ N.W.2d ___

Filed March 8, 2019.    No. S-18-436.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-
dictional issue which does not involve a factual dispute is a matter of
law which requires an appellate court to reach its conclusions indepen-
dent from a trial court.
2. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the
power of a tribunal to hear and determine a case in the general class or
category to which the proceedings in question belong and to deal with
the general subject matter involved.
3. **Jurisdiction.** A lack of subject matter jurisdiction may be raised at any
time by any party or by the court sua sponte.
4. **Jurisdiction: Child Support: Actions.** As a prerequisite for an action
under Neb. Rev. Stat. § 43-512.03(1)(a) (Reissue 2016), there cannot
be an existing child support order in any jurisdiction. Hence, a court
has subject matter jurisdiction for an action under § 43-512.03(1)(a)
only "when there is no existing child support order" in Nebraska or any
other jurisdiction.

Appeal from the District Court for Sarpy County: GEORGE A.
THOMPSON, Judge. Affirmed.

Sarah E. Preisinger, Deputy Sarpy County Attorney, for
appellant.

No appearance for appellee Mark E.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The State of Nebraska on behalf of Walter E. appeals the order of the district court for Sarpy County which dismissed the State's complaint filed against his father, Mark E., to establish an order of support. The complaint was filed pursuant to Neb. Rev. Stat. § 43-512.03 (Reissue 2016). We conclude that because there was an existing support order, the district court lacked subject matter jurisdiction under § 43-512.03(1)(a) to consider the State's complaint. We therefore affirm the district court's order which dismissed the State's complaint.

## STATEMENT OF FACTS

The record on appeal indicates that on February 9, 2016, the juvenile court ordered Walter to be placed in the custody of the Nebraska Department of Health and Human Services (DHHS) with placement at home pending an assessment for safety and services. In an order filed February 22, the juvenile court determined that Walter should be in the protective custody of DHHS, because although his parents had attempted numerous therapeutic interventions, he continued to engage in "extremely aggressive and out-of-control behaviors as well as self-harming behaviors." The juvenile court ordered Walter to be placed in the temporary custody of DHHS, pending an appropriate placement for treatment. In the February 22 order, the juvenile court further ordered that "[t]he costs of the child's care to the extent not covered by the parent's insurance shall be borne by the State of Nebraska." On March 11, the juvenile court ordered Walter to be placed at the Boys Town psychiatric residential treatment facility.

On July 19, 2016, the juvenile court filed an order in which it found Walter to be a child within the meaning of Neb. Rev.

Stat. § 43-247(3)(a) (Supp. 2015) and ordered him to remain in the custody of DHHS for placement at the Boys Town main campus. The juvenile court further ordered, inter alia, that DHHS "continue to be responsible for all costs associated with the Order herein not covered by insurance." The record on appeal contains two orders filed by the juvenile court following subsequent reviews: one order was filed February 14, 2017, and the other was filed June 19. In both orders, the juvenile court ordered Walter to remain in the custody of DHHS for placement at the Boys Town main campus.

On June 12, 2017, the State, through a deputy Sarpy County Attorney, filed a complaint in the district court on behalf of Walter and against Walter's father, Mark. The State alleged that the complaint was filed pursuant to § 43-512.03, which generally authorizes the county attorney to take certain actions in connection with child support, including filing a complaint against a nonsupporting party when there is no existing child or medical support order. See § 43-512.03(1)(a). The State alleged that Walter was under the jurisdiction of the juvenile court, that he had been placed in the custody of DHHS in an out-of-home placement, that he was in need of financial support from Mark, and that Mark had a duty of support for Walter. The State requested an order from the district court determining that Mark had a duty of support and ordering Mark to "pay a sum certain each month to meet that duty of support" and to "provide ongoing medical support for [Walter]."

Mark filed an answer in which he alleged, inter alia, that the juvenile court had placed Walter at Boys Town and had ordered that the State should be responsible for costs associated with the placement. He also alleged that he continued to provide coverage for Walter under his private medical insurance.

The district court's child support referee held a hearing on the State's complaint and thereafter filed a report finding that Mark was able to and should pay child support in accordance with the Nebraska Child Support Guidelines. The referee

recommended that Mark be ordered to pay to DHHS child support of $631 per month beginning September 1, 2017.

Mark took exception to the referee's report. Mark asserted that the district court and referee lacked jurisdiction, because there was a pending case in the juvenile court and the juvenile court had already entered support orders specifically requiring the State to pay support beyond that covered by Mark's insurance. Mark filed a motion to transfer the matter to the juvenile court. Mark later filed a motion to dismiss the district court action for lack of jurisdiction.

The district court held a hearing on Mark's motion to dismiss, motion to transfer, and exception to the referee's report. The district court received evidence, including the juvenile court orders discussed above. After the hearing, the district court filed an order on March 13, 2018, in which it dismissed the State's complaint and ordered the parties to pay their own costs.

In its order of March 13, 2018, the district court stated that it had examined the juvenile court orders and that the orders showed that "at each juncture [the juvenile court] has assigned the costs of care for the child shall be paid by [Mark's] insurance and to the extent that costs are not covered by insurance, they shall be paid by the State of Nebraska." The district court further stated that the juvenile court had "made findings that the parents cannot afford appropriate treatment and costs were waived in that matter."

The district court noted that § 43-512.03 authorizes an action seeking a support order "in cases where there is no existing child or medical support order." The district court determined that there was "an existing order for support as announced by Juvenile Court." As part of its order, the district court observed that "res judicata" prevented the parties from relitigating the issues in this action and noted that "the issue of support has been address[ed] by the Juvenile Court, the support order has the same finality as in this proceeding, the merits were litigated, and all of the parties are the

same." The district court finally determined that because the juvenile court had jurisdiction over Walter and because the juvenile proceeding was still ongoing, the issue of whether the matter may or should be transferred to juvenile court was moot.

Following the denial of the State's motion to reconsider, the State appealed.

## ASSIGNMENTS OF ERROR

The State claims, restated and consolidated, that the district court erred when it dismissed the case based on its determination that an order of support had been entered by the juvenile court and that res judicata barred this action. The State alternatively claims that the district court erred when it declined to transfer the action to the juvenile court.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Retroactive, Inc. v. Nebraska Liquor Control Comm.*, 298 Neb. 936, 906 N.W.2d 328 (2018).

## ANALYSIS

The State challenges at length the district court's reliance on "res judicata" in its order of dismissal. However, as we explain below, because the action was properly dismissed on a statutory basis for lack of subject matter jurisdiction, we need not engage in an analysis of the relevance of the principle of res judicata.

[2,3] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018). A lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Id*.

In its complaint, the State alleged that it was filing the complaint in district court pursuant to § 43-512.03. We note that § 43-512.03 provides for various types of child support enforcement actions, including actions for enforcement of existing child support orders and actions for paternity. However, the State in its complaint sought an order to establish Mark's child and medical support obligations, and therefore, it is clear that the State was specifically proceeding under § 43-512.03(1)(a), which authorizes a county attorney, on request of DHHS, to "file a complaint against a non-supporting party in the district, county, or separate juvenile court praying for an order for child or medical support in cases when there is no existing child or medical support order."

[4] In *State ex rel. Gaddis v. Gaddis*, 237 Neb. 264, 267-68, 465 N.W.2d 773, 775 (1991), we held that "as a prerequisite for an action under § 43-512.03, there cannot be an existing child support order in any jurisdiction. Hence, a court has subject matter jurisdiction for an action under § 43-512.03 only 'when there is no existing child support order' in Nebraska or any other jurisdiction." See, also, *State ex rel. Cammarata v. Chambers*, 6 Neb. App. 467, 574 N.W.2d 530 (1998). We concluded in *Gaddis* that because there was an existing child support order issued in Colorado, the district court lacked subject matter jurisdiction for an action brought under § 43-512.03 and that therefore, the district court should have dismissed the proceedings on that basis.

Recently, in *House v. House*, 24 Neb. App. 595, 894 N.W.2d 362 (2017), the Nebraska Court of Appeals clarified that the above-quoted holding in *Gaddis* applied specifically to a complaint filed under the part of the juvenile statute that is now found at § 43-512.03(1)(a). The Court of Appeals further clarified that the requirement in § 43-512.03(1)(a) that there be "no existing . . . support order" did not apply to actions brought under other subsections of § 43-512.03, such as the one at issue in *House* brought under § 43-512.03(1)(c) to enforce an

already existing child support order. We agree with the Court of Appeals' analysis in *House*.

In this case, the district court determined that there was already an existing support order issued by the juvenile court and therefore dismissed the complaint. The district court made this determination by reviewing the juvenile court orders that it received into evidence and that we have described above. We agree with the district court's determination that "[t]he Juvenile Court has issued an order of support . . . ."

On appeal, the State contends that the orders of the juvenile court were not general child support orders and that the juvenile court did not employ child support calculations like those available in the district court. As discussed below, we reject the contention that juvenile court orders were not general child support orders, and we do not address the State's contention that the juvenile court did not employ proper procedures to determine child support. Instead, we conclude that the district court lacked subject matter jurisdiction by virtue of § 43-512.03(1)(a).

In the July 19, 2016, order in which the juvenile court adjudicated Walter to be a child within the meaning of § 43-247(3)(a) and ordered him to remain in the custody of DHHS for placement at the Boys Town main campus, the juvenile court ordered, inter alia, that DHHS "continue to be responsible for all costs associated with the Order herein not covered by insurance." As did the district court, we read "all costs" to refer broadly to all necessary support required by the placement and not limited to medical support.

For completeness, we note that juvenile courts have authority to order support. Specifically, Neb. Rev. Stat. § 43-290 (Reissue 2016), which is part of the Nebraska Juvenile Code, authorizes a juvenile court to order support to be paid by a parent. Section 43-290 provides in part:

> Pursuant to a petition filed by a county attorney or city attorney having knowledge of a juvenile in his or her

jurisdiction who appears to be a juvenile described in sub-division (1), (2), (3), or (4) of section 43-247, whenever the care or custody of a juvenile is given by the court to someone other than his or her parent, which shall include placement with a state agency, or when a juvenile is given medical, psychological, or psychiatric study or treatment under order of the court, the court shall make a determination of support to be paid by a parent for the juvenile at the same proceeding at which placement, study, or treatment is determined or at a separate proceeding. Such proceeding, which may occur prior to, at the same time as, or subsequent to adjudication, shall be in the nature of a disposition hearing.

We conclude that the district court did not err when it determined that there was an existing support order from the juvenile court. Therefore, under § 43-512.03(1)(a), the district court did not have subject matter jurisdiction over the State's complaint and, consequently, the district court did not err when it dismissed the complaint. The State asserts that, in any event, the juvenile court did not follow adequate procedures to determine the amount of Mark's support obligation. The State's attempt to use a separate district court proceeding to challenge the sufficiency of the juvenile court proceeding was an impermissible collateral attack, which the district court lacked jurisdiction to entertain. However, as we noted above, juvenile courts have authority to enter support orders, and our decision in this matter does not foreclose subsequent filings in juvenile court to further consider support issues.

Notwithstanding the foregoing analysis, the State alternatively claims that the district court erred when it did not transfer the present action to the juvenile court. However, we agree with the district court's reasoning that there was already an ongoing proceeding in the juvenile court in which the State was a party and that therefore, the transfer issue

was moot. We conclude that the district court did not err in this regard.

## CONCLUSION

We determine that because there was an existing support order issued by the juvenile court, the district court did not have subject matter jurisdiction over the complaint filed by the State under § 43-512.03(1)(a). We affirm the district court's order which dismissed the State's complaint.

Affirmed.